PEOPLE v TERRY JAMES

Docket No. 75558. Submitted November 7, 1984, at Lansing.—Decided
    April 15, 1985.

    Terry D. James pled guilty in Genesee Circuit Court to a charge
    of armed robbery and was sentenced, Thomas C. Yeotis, J.
    Defendant appealed. *Held:*

    1. Defendant's contention that his confession should have
    been suppressed will not be reviewed. The issue of the admissi-
    bility of the confession was waived by defendant's plea of
    guilty. Furthermore, the fact that defendant made a confession
    which could have been suppressed would not have undercut
    the state's authority or ability to proceed with the trial because
    the state had other evidence against defendant.

    2. The trial court did not err in departing from the sentenc-
    ing recommendations outlined in the Sentencing Guidelines
    Manual in sentencing defendant. A sentencing court is free to
    exercise reasonable discretion in departing from the guidelines
    as long as a record of the reasons for such discretionary
    departure is made. The court in this case properly stated its
    reasons for departing from the recommendations in the Sen-
    tencing Guidelines Manual.

    Affirmed.

1. CRIMINAL LAW — CONFESSIONS — GUILTY PLEAS — APPEAL.

    A defendant is not entitled to a reversal of his conviction on the
    ground that the fact that he made a confession should have
    been suppressed where suppression of that fact would not have
    undercut the state's authority or ability to proceed with the
    trial because the state had other evidence against the defen-
    dant at its disposal.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES MAN-
    UAL.

    A trial court's failure to sentence a criminal defendant to the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 271.
    21 Am Jur 2d, Criminal Law § 490.
[2] 21 Am Jur 2d, Criminal Law § 595 *et seq.*

precise sentence range indicated by the Sentencing Guidelines Manual does not necessitate resentencing; the court is free to exercise reasonable discretion to depart from the guidelines to develop a sentence best suited for the case before it as long as it makes a record of the reasons for the discretionary departure.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for plaintiff.

*Donna J. Cummings,* for defendant on appeal.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. On September 14, 1983, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and afterwards was sentenced to from 20 to 40 years' imprisonment. He appeals as of right, first challenging the trial court's ruling that a confession he made was voluntarily given and second arguing that his sentence was excessive. We affirm.

We will not review defendant's first claim of error for it was waived by his plea of guilty. The fact that defendant made a confession which could have been suppressed did not undercut the state's authority or ability to proceed with the trial because the state had other evidence against defendant at its disposal. *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976).

As to defendant's second claim of error, we note that a trial judge's failure to sentence a criminal defendant to the precise sentence range indicated by the Sentencing Guidelines Manual does not necessitate resentencing. The guidelines are just

* Circuit judge, sitting on the Court of Appeals by assignment.

what that word indicates, guidelines. They only assist the sentencing judge in the very difficult task of imposing sentence. They permit the court to assess quickly and consistently its current case vis-à-vis similar cases statewide. However, each sentence must be tailored in the court's discretion and imposed according to the facts and circumstances at hand. Accordingly, the sentencing judge is free to exercise reasonable discretion to depart from the guidelines to develop a sentence best suited for the case before him or her. The judge is simply required to make a record of the reasons for such discretionary departure. Administrative Order 1984-1, 418 Mich lxxx.

In this case, although the sentencing court did depart from the recommendations outlined in the guidelines, it properly stated its reasons for doing so; therefore, no error exists.

In reviewing the sentence imposed in this case, we do not find that the sentencing court abused its discretion. *People v Coles,* 417 Mich 523, 550-551; 339 NW2d 440 (1983).

Affirmed.