PEOPLE v JONES

Docket No. 76411. Submitted January 9, 1985, at Detroit. Decided April 21, 1986. Leave to appeal denied, 426 Mich 852.

The Detroit Recorder's Court convicted defendant, Sandra L. Jones, of two counts of second-degree murder and one count of felony-firearm, following a bench trial. The court, Henry L. Heading, J., sentenced defendant to concurrent terms of from fifty to seventy-five years in prison on the murder convictions and a consecutive term of two years in prison on the felony-firearm conviction. Defendant appealed. *Held:*

1. Defendant's claim that the evidence only supported convictions of voluntary manslaughter was found to be without merit by the Court of Appeals. Although the trial judge found that defendant at the time of the killings was emotionally upset, he made this finding in concluding that defendant had not deliberated or premeditated and, therefore, was not guilty of first-degree murder. The trial judge did not find that defendant's emotional upset reached a level of heat of passion which would mitigate her responsibility for the killings from second-degree murder to manslaughter.

2. The prosecution presented sufficient circumstantial evidence, both in its case in chief and in rebuttal, establishing beyond a reasonable doubt defendant's normal capacity to form the specific intent necessary to convict. The trial court did not err by rejecting defendant's claim of diminished capacity.

Affirmed.

1. HOMICIDE — MURDER — VOLUNTARY MANSLAUGHTER — PROVOCATION.

Provocation, necessary to reduce a homicide from murder to manslaughter, is that which would cause one to act out of

REFERENCES

Am Jur 2d, Criminal Law § 41.

Am Jur 2d, Homicide § 61.

Insulting words as provocation of homicide or as reducing the degree thereof. 2 ALR3d 1292.

Mental or emotional condition as diminishing responsibility for crime. 22 ALR3d 1228.

passion rather than with due deliberation and reflection (MCL 750.321; MSA 28.553).

2. CRIMINAL LAW — DEFENSES — DIMINISHED CAPACITY — EVIDENCE — BURDEN OF PROOF.

A claim by a criminal defendant of diminished capacity to entertain the specific intent necessary for conviction, while different from a claim of insanity, is governed by the same procedural and evidentiary requirements as an insanity claim; accordingly, the prosecution must produce evidence beyond a reasonable doubt that the defendant did not suffer from diminished capacity where the defendant has introduced evidence that he had suffered from diminished capacity.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey · Caminsky,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: M. J. KELLY, P.J., and GRIBBS and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Defendant was convicted, after a bench trial, of two counts of second-degree murder, MCL 750.317; MSA 28.549, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). She was sentenced to concurrent prison terms of from fifty to seventy-five years on the second-degree murder convictions and a consecutive two years on the felony-firearm conviction, and she appeals.

Defendant was originally charged with two counts of first-degree murder and one count of felony-firearm, after she shot and killed her former husband, Clarence Jones, and his girlfriend, Georgia Dowell. The shooting occurred on December 22, 1982, at a Detroit bar owned by Clarence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Jones. Defendant and Jones had been married for eight years and were divorced in 1980. She and Jones had a child who was in defendant's custody and apparently Jones and Dowell had expressed their intent to attempt to obtain custody of the child after they were married.

Defendant regularly visited Jones's bar. Approximately a week before the shooting, defendant told the bartender that, if she could not have her former husband, no one else could. At some point on the night of the shootings, Dowell and defendant argued about Jones. Dowell reportedly told defendant that she would kill defendant if she found defendant and Jones together. Defendant then left the bar after telling the bartender to lie on the floor when she returned because she planned to kill Jones and Dowell. Defendant went home, put a shotgun in her car, returned to the bar and again warned the bartender. After approximately 15 minutes, she again exited from the bar and immediately returned with the shotgun, at which time she shot and killed both Jones and Dowell.

Defendant first claims on appeal that the trial judge erred by finding her guilty of second-degree murder rather than voluntary manslaughter, MCL 750.321; MSA 28.553, asserting that the evidence presented at trial clearly established that the requisite provocation existed to reduce the killings to voluntary manslaughter. Defendant's claim of provocation is based on evidence that she had been drinking at the bar all day and was emotionally upset by Dowell's threats and plan to gain custody of defendant's child.

Provocation, necessary to reduce the crime of murder to manslaughter, is that which would cause one to act out of passion rather than due deliberation and reflection. *People v Townes,* 391

Mich 578, 589-590; 218 NW2d 136 (1974); *People v Van Wyck,* 402 Mich 266, 269; 262 NW2d 638 (1978). Defendant does not dispute the factual findings recited by the trial court, but contends that those findings compel a finding of guilty of voluntary manslaughter, rather than second-degree murder. We find defendant's claim to be without merit. Although the trial judge found that the defendant at the time of the killings was "emotionally upset", he made this finding in concluding that she had not deliberated or premeditated and, therefore, was not guilty of first-degree murder. He did not find that defendant's emotional "upset" reached a level of heat of passion which would mitigate her responsibility for the killings from second-degree murder to manslaughter. In our view, the evidence presented at trial supports this conclusion.

The defendant next claims on appeal that the trial court erred regarding the diminished capacity defense which she asserted at trial. Defendant filed a timely notice of diminished capacity, *People v Mangiapane,* 85 Mich App 379; 271 NW2d 240 (1978), and presented expert testimony at trial. Defendant's expert witness testified that defendant had a personality disorder, was a chronic alcoholic and was chronically depressed. He opined that defendant did not have a mental illness which would support a legal insanity defense but that she was mentally impaired. On appeal, defendant asserts that the trial court erred by rejecting her diminished capacity defense because (1) the court improperly placed the burden of proof on defendant to show diminished capacity, rather than recognizing that the prosecutor had to prove normal capacity beyond a reasonable doubt; and (2) the prosecutor did not prove defendant's normal capacity beyond a reasonable doubt.

In *People v Denton,* 138 Mich App 568; 360 NW2d 245 (1984), a panel of this Court, relying on *People v Murphy,* 416 Mich 453; 331 NW2d 152 (1982), held that once a defendant presents evidence of diminished capacity, the prosecution must counter with evidence of normal capacity. In *Murphy,* the Supreme Court reiterated the constitutional standard of proof in criminal cases, *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970), where the insanity defense is raised. A defendant in a criminal proceeding is presumed sane and therefore the prosecution need not establish his sanity nor present any evidence whatsoever as to that issue. However, once evidence of insanity is introduced by a defendant, the prosecution bears the burden of establishing the defendant's sanity beyond a reasonable doubt. Normally, this evidence is presented by the prosecution in rebuttal since no proof of sanity is presented in the case in chief due to the presumption. Similarly, once evidence of diminished capacity is introduced by a defendant, the prosecution bears the burden of establishing the defendant's "normal capacity" beyond a reasonable doubt. Defendant asserts in the present case that, because insufficient evidence was presented by the prosecution *in rebuttal* to establish defendant's normal capacity beyond a reasonable doubt, the trial court erred in rejecting the diminished capacity defense.

Evidence of diminished capacity is only relevant to the question of a defendant's ability to form the specific intent necessary to commit a particular crime. *People v Fields,* 64 Mich App 166; 235 NW2d 95 (1975); *People v Lynch,* 47 Mich App 8; 208 NW2d 656 (1973), lv den 390 Mich 777 (1973). The prosecution has, at the *outset,* the burden of proving beyond a reasonable doubt all elements of the crime charged, including the existence of the

mental state required for a particular crime. In the present case, the prosecution presented in its case in chief substantial circumstantial evidence of defendant's specific intent at the time of the commission of the crimes charged. This same evidence was also circumstantial evidence of defendant's ability to form the specific intent required, i.e., defendant's "normal capacity." We conclude that the trial court was correct in considering all of the evidence presented by the prosecution, both in its case in chief and in rebuttal, bearing on defendant's normal capacity. We are also satisfied, on the record presented, that sufficient evidence was presented to establish defendant's normal capacity beyond a reasonable doubt.

We find the remaining issue raised on appeal by defendant to be without merit.

Affirmed.