PEOPLE v ENGLAND

Docket No. 95860. Submitted September 14, 1987, at Lansing. Decided November 3, 1987.

Stanley D. England, charged with first-degree murder for the slaying of his wife, accepted a plea bargain after trial on the original charge had commenced and pled guilty to second-degree murder, Washtenaw Circuit Court, William F. Ager, J. After being sentenced to a prison term of twenty to sixty years, defendant moved to vacate his plea, contending that it was not voluntarily tendered due to defense counsel's ineffective assistance. Defendant claimed that counsel should have called a psychologist who would have testified that, due to defendant's diminished capacity, defendant was incapable of forming the requisite intent to commit first- or second-degree murder. The motion was denied, and defendant appealed. On appeal, defendant additionally claims that his plea was not supported by a sufficient factual basis.

The Court of Appeals *held:*

1. Defendant was not denied effective assistance of counsel. In the absence of a showing that a manslaughter instruction would have been warranted at trial had the psychologist testified in the manner suggested, counsel's failure to secure the

REFERENCES

Am Jur 2d, Criminal Law §§ 41, 469 *et seq.;* 486 *et seq.;* 732 *et seq.;* 967 *et seq.*

Am Jur 2d, Homicide §§ 10, 41 *et seq.;* 50, 53.

Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.

Adequacy of defense counsel's representation of criminal client regarding appellate and post-conviction remedies. 15 ALR4th 582.

Adequacy of defense counsel's representation of criminal client regarding argument. 6 ALR4th 16.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

See also the annotations in the Index to Annotations under Guilty Plea.

psychologist's testimony had no effect on the outcome of the proceedings since second-degree murder is not a specific intent crime to which a defense of diminished capacity may be raised.

2. Defendant's plea was supported by a sufficient factual basis. The colloquy between the court and defendant indicated that defendant had knowledge that the death of his wife was the probable result of his beating her with a lamp base.

Affirmed.

M. J. KELLY, P.J., concurred separately.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL.
The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law, and, secondly, counsel must not make a mistake such that there would have been a great likelihood that the defendant would not have been convicted but for the mistake.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.
A motion for a new trial or for an evidentiary hearing is generally a prerequisite for appellate review of a defendant's claim of ineffective assistance of counsel, unless the detail of the deficiency is apparent in the record so as to permit the Court of Appeals to decide the issue; trial counsel is presumed to have provided effective assistance and this presumption can be overcome by the defendant only with a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant.

3. CRIMINAL LAW — DEFENSES — DIMINISHED CAPACITY — EVIDENCE.
The defense of diminished capacity is only relevant to the question of a defendant's ability to form the specific intent necessary to commit a particular crime; it is not available where evidence solely establishes that a defendant could not fully appreciate the consequences of his acts.

4. HOMICIDE — SECOND-DEGREE MURDER — INTENT.
Second-degree murder is not a specific-intent crime.

5. CRIMINAL LAW — GUILTY PLEAS — INFERENCES.
A factual basis for acceptance of a plea of guilty exists if an inculpatory inference may reasonably be drawn from the facts admitted by the defendant even if an exculpatory inference may also be drawn.

6. HOMICIDE — MURDER — INTENT — MALICE.
Malice is an essential element of any murder, whether it occurs

in the course of a felony or otherwise; malice is the intention to kill, the intention to do great bodily harm, or the wanton and wilful disregard of the likelihood that the natural tendency of the person's behavior is to cause death or great bodily harm.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Norman Fell,* for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

PER CURIAM. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, for the killing of his wife. During the second day of trial, after the prosecution rested, but before the defense began, a plea bargain was reached. In accordance with the plea agreement, defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549. Sentenced to a prison term of from twenty to sixty years, defendant appeals as of right raising two issues.

First, defendant contends that his plea was not voluntarily tendered due to counsel's ineffective assistance. Specifically, defendant claims that he entered a plea of guilty to second-degree murder because his counsel did not subpoena a Dr. Michael Abramsky to testify as to defendant's state of mind at the time of the killing. Defendant claims that Dr. Abramsky would have testified that, due to his diminished capacity, he was incapable of forming the requisite intent to commit first- or second-degree murder. Prior to tendering his plea, the defense requested a 1½-week adjournment of the trial. The court offered to seek out the doctor and have him brought in to testify. The

defense refused and no further attempt to sub-
poena the doctor was taken. Since the doctor was
unavailable to testify at the time of trial, defen-
dant alleges that, at the advice of trial counsel, he
pled guilty to second-degree murder rather than
risk a conviction of first-degree murder.

Subsequent to his sentencing, defendant moved
to vacate his plea. The hearing took place on
August 1, 1986. Defense counsel, Jane Thurston,
defendant, and the prosecutor, Marilyn Eisen-
braun, testified at the hearing.

Ms. Thurston stated that the defense theory was
that defendant committed manslaughter when he
killed his wife, not first- or second-degree murder.
To prove this theory, Dr. Abramsky would have
been called to testify that defendant did not pos-
sess the intent to commit any type of murder.
Rather, this crime was committed "in a frenzied
state of mind."

Defendant testified that he spoke with his attor-
ney as to offering a plea to second-degree murder
because Dr. Abramsky was not available to testify.
According to defendant, his plea was tendered
because the doctor would not be able to testify
regarding the defense of diminished capacity.

Following the hearing, the trial court issued a
written opinion on September 9, 1986. In its opin-
ion, the court concluded that defense counsel per-
formed well for her client in obtaining the ap-
proval of the prosecutor for the entry of defen-
dant's plea and that defendant's plea was volunta-
rily tendered.

Defendant argues that he was denied effective
assistance of counsel under both the Michigan and
federal constitutions. In *People v Garcia,* 398 Mich
250, 264-266; 247 NW2d 547 (1976), reh den 399
Mich 1041 (1977), our Supreme Court established a
bifurcated test for ineffective assistance of counsel

claims. First, defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law. Second, even though the first test is satisfied, counsel must not make a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

Generally, a motion for a new trial or for an evidentiary hearing is a prerequisite for appellate review unless the error is apparent from the record to permit this Court to decide the issue. *People v Juarez,* 158 Mich App 66, 73; 404 NW2d 222 (1987). Trial counsel is presumed to have afforded effective assistance. This presumption can only be overcome by a showing of counsel's failure to perform an essential duty, which failure was prejudicial to the defendant. *Id.; People v Carr,* 141 Mich App 442; 367 NW2d 407 (1985).

Under federal constitutional law, the standard to determine ineffective assistance of counsel was formulated in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The United States Supreme Court held that when a convicted defendant claims under the Sixth Amendment that counsel's assistance was so defective as to require reversal, he must establish the following: (1) Counsel's performance was deficient (A performance inquiry is then engaged in to determine whether counsel's assistance was reasonable considering all the circumstances. The inquiry looks at whether counsel "made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." 466 US 687). (2) The deficient performance prejudiced the defense and that, absent the error, there was a reasonable probability that the factfinder would have had a reasonable doubt respecting guilt. *Id.*

The defense of diminished capacity is only rele-

vant to the question of a defendant's ability to form the specific intent necessary to commit a particular crime. *People v Fields,* 64 Mich App 166, 173; 235 NW2d 95 (1975); *People v Jones,* 151 Mich App 1, 5; 390 NW2d 189 (1986), lv den 426 Mich 852 (1986). This defense is not available where evidence solely establishes that a defendant could not fully appreciate the consequences of his acts. *People v Denton,* 138 Mich App 568, 573; 360 NW2d 245 (1984). Second-degree murder is not a specific-intent crime since it does not require intent to kill, but rather, only wanton and wilful disregard of the likelihood that the natural tendency of the person's behavior is to cause death or great bodily harm must be shown. *People v Langworthy,* 416 Mich 630, 651; 331 NW2d 171 (1982).

In this case, we find that defendant received effective assistance of counsel. Counsel's failure to secure the expert's testimony had no effect on the outcome of the proceedings. Had Dr. Abramsky testified and the jury believed his evaluation of defendant's state of mind at the time of the killing, the jury would have convicted defendant of the same offense to which he pled guilty. Defendant made no showing that, with the expert's testimony, a manslaughter instruction would have been warranted. Hence, we find no error.

Defendant's second ground for error is also without merit. He complains that there was an insufficient factual basis to support his guilty plea. A factual basis for acceptance of a plea exists if an inculpatory inference may reasonably be drawn from the facts admitted by the defendant even if an exculpatory inference may also be drawn. It is not necessary for a defendant pleading guilty to second-degree murder to admit he acted with malice or intended to kill. *Guilty Plea Cases,* 395 Mich 96, 130-131; 235 NW2d 132 (1975), cert den sub

nom *Sanders v Michigan,* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977).

Malice is an essential element of any murder, whether the murder occurs in the course of a felony or otherwise. *People v Aaron,* 409 Mich 672, 728; 299 NW2d 304 (1980). Malice is the intention to kill, the intention to do great bodily harm, or the wanton and wilful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm. *Id.*

In this case, the colloquy between the court and defendant reveals that defendant had knowledge that the death of his wife was the probable result of his beating her with the lamp base.

Moreover, the defendant admitted at the entry of his guilty plea that the testimony presented at his aborted trial was correct. The testimony of both pathologists indicated that Mrs. England's death was the result of repeated blows (five to six) to her skull causing a fracture and exposing the brain. The victim also had injuries to her arms, hands and right shoulder which resulted when she tried to defend herself from the defendant. Thus, we find that there was a sufficient factual basis to support defendant's plea.

Affirmed.

M. J. Kelly, P.J. *(concurring).* I concur in the per curiam opinion.

Defendant claims that Dr. Abramsky would have testified that at the time of the killing defendant was suffering from cocaine withdrawal, combined with medication and alcohol ingestion, to the extent that he lacked the ability to form the intent necessary to commit murder, first- or second-degree, and that his acts were impromptu, spur of the moment, and frenzied, rather than planned.

Counsel did not produce Dr. Abramsky, reputed to be a psychologist, at the post-sentencing motion to vacate defendant's plea of guilty. We are therefore unable to evaluate Dr. Abramsky's credentials and testimony or indeed to verify the factual and legal setting surrounding his evaluation because we have no record. Not even a deposition. Appellate counsel indicts trial counsel for ineffective assistance, but the critical failure to document the circumstances of the trial attorney's claimed errors is itself an indictment of appellate counsel's skill and effectiveness.