PEOPLE v FAIR

Docket No. 94860. Submitted November 18, 1987, at Detroit. Decided
December 21, 1987.

Angelia Fair was convicted of second-degree murder and posses-
sion of a firearm during the commission of a felony following a
bench trial in Detroit Recorder's Court and was sentenced,
Donald L. Hobson, J. Defendant appealed.

The Court of Appeals *held:*

1. The trial court's findings of fact are sufficient. The court
was aware of the issues and correctly applied the law.

2. The trial court did not abuse its discretion by admitting
testimony, over defense counsel's objection, that defendant had
threatened to kill the victim approximately three months be-
fore the actual shooting occurred.

Affirmed.

1. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

The findings of fact by a trial court sitting without a jury in a
criminal case are sufficient if it appears from those findings
that the trial court was aware of the issues in the case and
correctly applied the law (MCR 2.517[A][1]).

2. APPEAL — REMAND — FINDINGS OF FACT.

A judge's failure to find the facts does not require remand where
it is manifest that he was aware of the factual issue, that he
resolved it and it would not facilitate appellate review to
require further explication of the path he followed in reaching
the result.

3. CRIMINAL LAW — EVIDENCE — PROBATIVE VALUE — PREJUDICIAL
EFFECT.

The admission of evidence of a defendant's prior threat against a
murder victim was not an abuse of discretion where the evi-
dence was highly probative of the defendant's motive and the

REFERENCES

Am Jur 2d, Homocide §§ 7-12.

Power of trial court, on remand for further proceedings, to change
prior tort findings as to matter not passed upon by appellate
court, without receiving further evidence. 19 ALR3d 502.

probative value of the evidence outweighed any prejudicial effect of admitting the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*Michael J. Rex,* for defendant on appeal.

Before: MacKenzie, P.J., and Doctoroff and P. J. Clulo,* JJ.

Doctoroff, J. Defendant appeals as of right from her convictions of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Following the bench trial, she was sentenced to consecutive prison terms of from ten to twenty-five years and two years respectively. We affirm.

At trial, the prosecution's theory was that defendant and the victim had had a long-standing relationship that had changed for the worse and that, when defendant tried to reconcile with the victim, he refused to have her back, whereupon she shot him. The defense theory was that defendant and the victim had been arguing about the relationship when defendant drew a gun out of her purse and that the gun accidentally discharged due to a defective condition.

I

Defendant's first claim of error is that the trial court's findings of fact do not satisfy MCR

---

* Circuit judge, sitting on the Court of Appeals by assignment.

2.517(A)(1) because they fail to address the defense of accidental discharge and do not state exactly what actions demonstrated criminal intent. She asserts that remand for supplemental findings is necessary because the findings did not illustrate the path the trial court followed in reaching its verdict.[1] We disagree.

MCR 2.517(A)(1) provides:

---

[1] The trial court found, in relevant part:

For Second Degree Murder, the Trier of Fact must find beyond a reasonable doubt, that the Defendant acted with a certain state of mind in causing the death. They must find that the Defendant had the state of mind at the time of the killing, that the Defendant intended to kill the Deceased or that the Defendant intended to do great bodily harm to the Deceased or that the Defendant intended to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result of those acts.

And, the Court finds as a matter of fact that in this case, the Defendant testified that she took the gun out of her purse—this gun, not knowing whether it was loaded or not.

If the Trier of Fact were to believe her testimony; the Trier of Fact does not know that several acts have to take place when you use an automatic rather than a revolver—got a chamber with a magazine, got to pull it back to get the bullet into the chamber.

And, in this case, the Court finds, as a matter of fact, that either the Defendant intended to create a very high risk of death or great bodily harm. And, I am satisfied beyond a reasonable doubt that she knew that the great bodily harm was the probable cause of her actions in this case.

And, the Court further finds as a matter of fact, that all of the actions that we have here, shows the state of mind, that either she intended to kill or cause great bodily harm or with a wanton and wilful disregard of the likelihood that the natural tendency of such behavior would cause death or great bodily harm.

And, in this cause, Counsel has argued with regards to malice. And, the term malice is defined or signifies a wrongful act done intentionally without legal justification or excuse.

And, the Court finds in this situation there was no legal justification or excuse. The Court finds the acts that were done were wilful and felonious and either with the intent to kill or to cause great bodily harm or to do an act with wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.

> In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.

This court rule applies to criminal as well as civil cases. *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). A finding of fact cannot be judged sufficient or insufficient on its face alone; on review, the court's findings are examined in the context of the specific legal and factual issues raised by the parties and the evidence. *People v Melvin Davis,* 146 Mich App 537, 549-550; 381 NW2d 759 (1985).

Defendant raises the fact that there is a split among panels of this Court concerning the degree of specificity required in order to satisfy the court rule and urges this panel to follow *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983). In *Davis,* this Court held that specific findings of fact on each element of a crime are necessary to satisfy the court rule. We note, however, that defendant does not argue that the trial court did not make findings on each element of the crime, but rather asserts that the trial court did not address her defense.

In *People v Taylor,* 133 Mich App 762; 350 NW2d 318 (1984), rev'd and remanded on other grounds 422 Mich 554, 568; 375 NW2d 1 (1985), another panel held that the Court in *Davis* misinterpreted the holding in *Jackson, supra.* The *Taylor* panel interpreted the holding in *Jackson* to mean only that a trial court's findings are insufficient if they create doubt as to whether the trial court correctly applied the law to the facts. The *Taylor* panel stated that so long as it appears from the court's findings of fact that the trial court was aware of the issues in the case and correctly

applied the law, the requirements of GCR 1963, 517.1, now MCR 2.517(A)(1) have been met. 133 Mich App at 765-766. See also *People v Eggleston,* 149 Mich App 665; 386 NW2d 637 (1986), lv den 425 Mich 862 (1986).

We are of the opinion that the holding in *Taylor, supra,* is the better view.[2] Our review of the record indicates that the trial court was aware of the issues and correctly applied the law, for it is evident that it rejected defendant's defense of accident by finding that there was "no legal justification or excuse." Although there had been testimony that the gun could go off without pulling the trigger, a characteristic which defendant asserts is a defective condition, there were certain steps that one had to take before it could accidentally discharge. By finding that defendant presented no legal justification or excuse, the trial court resolved the question of credibility against the defendant, an assessment that it was in a superior position to make than is this Court. See *Eggleston, supra.* Additionally, the court's findings demonstrate that it did consider certain of defendant's actions in finding the requisite intent for this crime. For these reasons, we find that the trial court's findings were sufficient to satisfy MCR 2.517(A)(1). Where it is manifest that the trial court was aware of the factual issues and resolved them and it would not facilitate appellate review to require further explication of the path it followed in reaching the result, remand is not required. See *Jackson, supra,* p 627, n 3; *Melvin Davis, supra,* p 549.

[2] We note that T. M. BURNS, J., a member of both the *Davis* and *Taylor* panels, acknowledged in *Taylor* that he no longer subscribed to the views expressed in *Davis. Taylor, supra,* p 766, n 1.

Similarly, HOOD, J., another member of the *Davis* panel, made the same acknowledgement in *Eggleston, supra,* p 672, n 1.

II

Defendant next argues that the trial court erred by admitting testimony, over defense counsel's relevancy objection, that defendant had threatened to kill the victim approximately three months before the actual shooting occurred.[3] At trial, defendant defended on the theory of accident, which placed her motive in issue. In a prosecution for murder, proof of motive, while not essential, is always relevant. *People v Mihalko,* 306 Mich 356, 361; 10 NW2d 914 (1943). The evidence of defendant's prior threat against the victim was highly probative evidence of her motive, and its probative value outweighed any prejudicial effect of admitting the evidence. See *People v Armentero,* 148 Mich App 120, 133; 384 NW2d 98 (1986), lv den 425 Mich 883 (1986). Therefore, the trial court did not abuse its discretion by admitting the evidence.

[3] The witness was questioned:

*Q. [By Mr. King (Prosecutor)]:* When you saw Miss Fair and also Mr. Rhodes, could you tell us what was happening?
*Mr. Dean [Defense Counsel]:* Objection, Your Honor.
*The Court:* What's the objection?
*Mr. Dean:* What is the relevance of what may have been going on in February?
*The Court:* If I determine it to be irrelevant, I will strike it.
*Q. [By Mr. King]:* What were they doing at that time?
*A.* One particular instance—well, two different occasions where I met Miss Fair—I was in Alvin's apartment. I had just got out of the hospital myself, and I went downstairs to talk to Alvin. And, Angelia happened to be in the apartment. There was some kidding going on, talking back and forth. It wasn't like a threatening-type of argument. But, it was where Angelia was saying that Alvin was not a good father to the child. Alvin's response to that was, he said he was holding two jobs to take care of her and the baby.
*Q.* What, if anything, did she say?
*A.* She got mad. She got quite up-set [sic]. And, she, as I gave my testimony to Sergeant Bogenn—
*Q.* (Interposing) Don't tell us what you told Sergeant Bogenn. What did she say?
*A.* She had said at that particular, she said, I am going to kill you.

Accordingly, defendant's convictions are affirmed.

Affirmed.