PEOPLE v PORTER

Docket No. 93990. Submitted March 14, 1988, at Detroit. Decided
    June 7, 1988. Leave to appeal applied for.

    Leonard Porter was convicted of second-degree murder and pos-
    session of a firearm during the commission of a felony following
    a bench trial in Recorder's Court of Detroit, Thomas E. Jack-
    son, J. The minimum sentence recommended by the sentencing
    guidelines which was calculated using the data contained in the
    sentencing information report was twelve years to life. The
    trial judge indicated that the circumstances required some
    degree of leniency and sentenced defendant to from eight to
    fifteen years in prison. Defendant appealed. Defendant brought
    a motion to remand the matter to the trial court on the basis
    that there was inaccurate information in the sentencing infor-
    mation report that resulted in an excessively high recom-
    mended sentence. The Court of Appeals remanded. On remand,
    the trial court determined that the sentencing information
    report had been inaccurately scored and the recommended
    minimum sentence range should have been from two to nine
    years; however, the trial court reaffirmed the sentence origi-
    nally imposed.

    The Court of Appeals held:

    1. While the trial court failed to make specific findings of fact
    on the question of defendant's intent at the time he shot the
    victim, it is clear from the record that the court was aware of
    the factual issues and the applicable law. Since it is clear that
    the court found that defendant had the necessary intent, there
    is no need to remand for further findings of fact by the trial
    court.

    2. It was not error for the trial court to refuse to change
    defendant's sentence after the amendment of the sentencing
    information report and the resulting lesser recommended mini-

REFERENCES
Am Jur 2d, Appeal and Error §§ 962, 966.
Am Jur 2d, Criminal Law §§ 535 et seq., 580 et seq.
Am Jur 2d, Trial §§ 1250 et seq.
See the Index to Annotations under Criminal Law; Findings of
    Fact; Remand; Sentence and Punishment.

mum sentence, since the minimum sentence as originally imposed was within the revised guideline recommendation. The fact that the trial court felt that a sentence less than the original erroneous recommendation was in order does not mean that the defendant is entitled to be sentenced to a minimum sentence that was less than the revised recommended minimum.

Affirmed.

R. M. MAHER, J., dissented. He would hold that the findings of fact by the trial court were not sufficient to satisfy the mandate of the court rules. He would remand for further specific findings on the elements of the offense.

1. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

The findings of fact by a trial court sitting without a jury in a criminal case are sufficient if it appears from those findings that the trial court was aware of the issues in the case and correctly applied the law (MCR 2.517[A][1]).

2. APPEAL — REMAND — FINDINGS OF FACT.

A trial judge's failure to specifically find certain facts does not require remand where it is manifest that the judge was aware of the factual issue, the judge resolved it and it would not facilitate appellate review to require further explication of the path followed in reaching the result.

3. CRIMINAL LAW — SENTENCING GUIDELINES — SENTENCING INFORMATION REPORT.

It is not error for a sentencing court to refuse to change the sentence originally imposed where subsequent to the sentencing it is discovered that, because of an inaccurate scoring on the sentencing information report, an inappropriately high minimum sentence range was recommended but where the minimum sentence originally imposed by the court was within the recommended minimum sentence range calculated from the corrected sentencing information report.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for defendant.

Before: WAHLS, P.J., and R. M. MAHER and G. S. ALLEN,* JJ.

WAHLS, P.J. Defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), at the conclusion of a bench trial in the Detroit Recorder's Court. He was thereafter sentenced to terms of imprisonment of from eight to fifteen years for the murder conviction and two years for the felony-firearm conviction. He now appeals the principal conviction and sentence as of right, and we affirm.

Defendant was convicted of second-degree murder for the apparent revenge killing of Dean Johnson. At the time of his death, Johnson was out on bond, awaiting trial for the murder of defendant's brother. Throughout trial, defendant maintained his innocence and claimed to have been misidentified as the murderer. In finding defendant guilty of the crime, the trial judge rejected that defense and instead believed a prosecution witness who positively identified defendant as the man who shot Johnson.

On appeal, defendant first argues that the trial judge failed to make sufficient findings of each element of second-degree murder. We disagree.

The elements of second-degree murder are (1) that a death occurred, (2) that it was caused by the defendant, (3) that the killing was done with malice, and (4) without justification or excuse. *People v Smith,* 148 Mich App 16, 21; 384 NW2d 68 (1985); CJI 16:3:01. Malice is the intention to kill, the intention to do great bodily harm, or the intention to create a high risk of death or great bodily harm with knowledge that such is the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

probable result. *People v Dykhouse,* 418 Mich 488, 495; 345 NW2d 150 (1984); *People v England,* 164 Mich App 370, 376; 416 NW2d 425 (1987). This intent element must be established from circumstances which do not constitute excuse or justification or mitigate the degree of the offense to manslaughter. *People v Watts,* 149 Mich App 502, 513-514; 386 NW2d 565 (1986), lv den 425 Mich 885 (1986). Malice can be inferred from the facts and circumstances of the killing. *Id.*

As to the required specificity of factual findings at a bench trial, MCR 2.517(A)(1) provides:

> In actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment.

That rule applies equally to both criminal and civil cases. *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973); *People v Robinson,* 145 Mich App 562, 565; 378 NW2d 551 (1985). The purpose of making factual findings is to reveal the law applied by the factfinder. *Jackson, supra,* p 627. The sufficiency of factual findings cannot be judged on their face alone; the findings must be reviewed in the context of the specific legal and factual issues raised by the parties and the evidence. *People v Melvin Davis,* 146 Mich App 537, 549-550; 381 NW2d 759 (1985). The appropriate remedy for insufficient findings of fact is to remand the case for additional fact-finding. *Jackson, supra,* p 628; *Melvin Davis, supra,* p 549.

There is currently a split among panels of this Court regarding the degree of specificity necessary to satisfy MCR 2.517(A). In *People v Davis,* 126 Mich App 66, 70-71; 337 NW2d 315 (1983), it was held that the trial court must make specific find-

ings of fact on each element of the charged offense. Numerous cases decided subsequent to *Davis* have declined to impose such a rigid standard. Instead, those cases have held that the court rule has been satisfied where it is manifest that the trial court was aware of the factual issues and correctly applied the law, and where appellate review would not be facilitated by requiring further explanation. *People v Fair,* 165 Mich App 294, 295-298; 418 NW2d 438 (1988); *People v Eggleston,* 149 Mich App 665, 671; 386 NW2d 637 (1986), lv den 425 Mich 862 (1986); *People v Robinson, supra,* pp 565-566; *People v Taylor,* 133 Mich App 762, 766; 350 NW2d 318 (1984), rev'd and remanded on other grounds 422 Mich 554, 568 (1985). See also *Jackson, supra.* For the reasons discussed in *Fair* and *Taylor,* we believe the latter cases express the better view on this issue.[1]

In the instant case, the trial judge was beginning to explain his factual findings when he said:

> The other elements have to do with the state of mind and the death and I will also deal with those shortly in more detail about the nature of the incident here.

Unfortunately, the judge never returned to those elements to make express findings on defendant's state of mind. Despite this, we do not believe a remand is necessary. There is sufficient information in the record to permit appellate review and to determine that the judge was aware of the facts and properly applied the law.

---

[1] We note that of the three judges who decided *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983) (Judges Burns, Maher and Hood), two judges (Judges Burns and Hood) have repudiated the view expressed in *Davis.* See *People v Taylor,* 133 Mich App 762, 766, n 1; 350 NW2d 318 (1984), rev'd and remanded on other grounds 422 Mich 554 (1985), and *People v Eggleston,* 149 Mich App 665, 672, n 1; 386 NW2d 637 (1986), lv den 425 Mich 862 (1986).

Defendant never asserted at trial that he did not have the requisite intent to support a conviction of second-degree murder. Rather, his sole defense was one of misidentification. Because the state of mind of Johnson's murderer was not directly placed in issue, defendant was not prejudiced by the judge's failure to expressly discuss it. *Melvin Davis, supra,* pp 549-550.

In any case, the record reveals that the judge was aware of the issue and properly applied the law in finding defendant guilty. The judge stated on the record:

> To establish second degree murder the prosecution must prove each of the following elements beyond a reasonable doubt. . . . Fourth, for second degree murder the trier of fact must find that the Defendant acted with a certain state of mind causing the death. The trier of fact must find the Defendant had one of the following states of mind, that the Defendant intended to kill the deceased Dean Johnson, or that the Defendant intended to do great bodily harm to the deceased Mr. Johnson. That the Defendant intended to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the possible result of his act.

This is a sufficiently accurate summation of the law regarding the element of malice in second-degree murder cases. As to the factual circumstances of the case, the judge noted: "There is no allegation here or no determination shall I say to be made as to whether or not the matter was the result of justification, excuse or circumstances under which made the killing a lesser crime of manslaughter or some lesser included offense, primarily because of the nature of the defense that is raised." Furthermore, in discussing the testimony of the various witnesses, the judge pointed out

that Johnson was shot three times from a relatively close distance and that defendant acted "in a bit of street justice to avenge the death of his brother." Implicit in these findings, we believe, is that defendant entertained a malicious intent to kill or cause great bodily harm to Johnson. Remand for additional fact-finding is, therefore, unnecessary.

Defendant next argues that the trial court erred in not resentencing him after it corrected an improperly scored sentencing guidelines variable. This argument is without merit.

At defendant's original sentencing, offense variable three of the sentencing information report (SIR) form was improperly scored, resulting in an inappropriately high offense severity level. Under the incorrect SIR, the recommended minimum sentence range for the murder offense was twelve years to life. In sentencing defendant, the judge indicated that the circumstances of the case required some degree of leniency and, for that reason, he would impose a sentence below the recommended guidelines range. Defendant was thereafter sentenced to eight to fifteen years of imprisonment for the murder conviction. Subsequently, the trial court was directed by order of this Court to conduct a hearing to determine whether the SIR was inaccurately scored. At that hearing, the court adjusted the scoring in accordance with defendant's wishes. This apparently resulted in a new recommended minimum sentence range of two to nine years. The court then noted that defendant's original sentence fell within that range and that it was not presented with any other reason for modifying the sentence. Therefore, it reaffirmed defendant's original sentence of eight to fifteen years.

On appeal, defendant claims that he was entitled to resentencing because the judge, after not-

ing that the circumstances of the case demanded leniency, determined the leniency of the sentence using the inaccurate guidelines recommendation as the benchmark. We find no error.

The sentencing guidelines are simply a tool to assist the trial judge in the difficult task of imposing sentence. *People v Terry James,* 142 Mich App 19, 21; 368 NW2d 892 (1985). They do not grant any substantive rights to a defendant. *People v Hearn,* 159 Mich App 275, 286; 406 NW2d 211 (1987). Indeed, each sentence must be tailored to fit the particular defendant and the unique circumstances presented. *Terry James, supra,* p 21. This is precisely what the trial judge did in the case at bar. Defendant was sentenced to a minimum term of imprisonment of eight years based on the circumstances of the murder, and not merely because that period of time was four years less than the lowest figure in the recommended minimum sentence guidelines range set forth in the inaccurate SIR. Defendant is not necessarily entitled to be sentenced to a minimum term far shorter than the upper limit of his corrected minimum sentence guidelines range simply because the sentencing judge determined that the incorrect minimum range was too high.

Affirmed.

G. S. ALLEN, J., concurred.

R. M. MAHER, J. *(dissenting).* I must respectfully dissent. The trial judge's findings of fact and conclusions of law do not comport with the unambiguous requirements of MCR 2.517(A)(1) and *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). Appellate courts are in a sorry position to second-guess a trial court's findings and conclusions where, as here, the deficiencies concern elements

of the charged offense, as opposed to credibility issues and conflicts within the evidence. *People v Davis*, 126 Mich App 66, 70-71; 337 NW2d 315 (1983). I would remand the case for additional findings of fact pursuant to MCR 2.517(A)(1).