PEOPLE v STRUNK

Docket No. 104609. Submitted June 7, 1988, at Detroit. Decided August 30, 1988.

David A. Strunk was convicted, on his plea of guilty, of possession of less than fifty grams of cocaine with intent to deliver after the Macomb Circuit Court, Frederick D. Balkwill, J., informed him that it would, on conviction, stay within the sentencing guidelines' recommended minimum sentence of thirty to forty-two months. At sentencing, the court reviewed a sentencing information report scored by a probation officer, allowed for objections to its accuracy and completed the report by recording the sentence imposed, forty-two months to twenty years in prison. Defendant appealed, alleging errors requiring resentencing.

The Court of Appeals *held:*

1. The procedure of allowing the probation officer to score the sentencing information report and the court's use of the report did not violate Administrative Order No. 1984-1 nor did it violate the Administrative Procedures Act.

2. A showing that a sentence is invalid is necessary to justify resentencing. Defendant did not make such a showing.

Affirmed.

1. Criminal Law — Sentencing Guidelines.

The sentencing guidelines do not create substantive rights; sentencing is a discretionary task, and the proper approach is to individualize the sentence to the offender.

2. Criminal Law — Sentencing Information Report — Probation Officers — Administrative Procedures Act.

A probation officer's scoring of a sentencing information report does not violate the Administrative Procedures Act since the probation officer has a specific duty to make a sentence recommendation; a later review of the sentencing information report

References

Am Jur 2d, Criminal Law §§ 525 *et seq.*

See the Index to Annotations under Sentence and Punishment.

by the sentencing judge, allowance for objections to its accuracy and completion of the report by recording the sentence imposed constituted sufficient compliance with Administrative Order No. 1984-1 (MCL 771.14[2][d]; MSA 28.1144[2][d]).

3. CRIMINAL LAW — SENTENCING — RESENTENCING.

A showing that a sentence is invalid is necessary to justify resentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *James J. Langtry,* Assistant Prosecuting Attorney, for the people.

*Richard A. Meier,* for defendant on appeal.

Before: KELLY, P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant pled guilty to possession of cocaine less than fifty grams with intent to deliver, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Before accepting the plea, the trial court informed defendant that it would stay within the guidelines' recommended minimum sentencing range of thirty to forty-two months. Defendant was then sentenced to from forty-two months to twenty years imprisonment, and his subsequent motion for resentencing was denied. Defendant appeals as of right, raising procedural issues in support of his claim that he is entitled to resentencing. We affirm.

Defendant claims that the procedure by which the probation officer, rather than the trial court, actually scored the sentencing information report violated Administrative Order No. 1984-1, 418

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich lxxx,[1] and the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* Having failed to bring this issue to the attention of the trial court, this issue is not properly preserved for appeal. *People v Kisielewicz,* 156 Mich App 724; 402 NW2d 497 (1986).

In any event, the sentencing guidelines are merely a tool utilized by the sentencing judge in the difficult task of imposing sentence. *People v Terry James,* 142 Mich App 19, 21; 368 NW2d 892 (1985). The guidelines do not create substantive rights, *People v Porter,* 169 Mich App 190; 425 NW2d 514 (1988), although a defendant is entitled to raise challenges to the accuracy of the SIR. *People v Walker,* 428 Mich 261, 266; 407 NW2d 367 (1987). Sentencing remains a discretionary task, and the appropriate approach is to individualize the sentence to the offender. *People v Adams,* 430 Mich 679; 425 NW2d 437 (1988). The manner by which the trial court here reviewed the SIR, allowed for objections to its accuracy and completed the SIR by recording the sentence imposed was sufficient compliance with Administrative Order No. 1984-1. Further, the probation officer's scoring of the SIR did not violate the APA since the probation officer has a specific duty to make a sentencing recommendation. MCL 771.14(2)(d); MSA 28.1144(2)(d); 1979 AC, R 791.9910(1)(g). It would not be useful to the trial court to consider a sentencing recommendation without information on how the probation officer arrived at the recommended sentence, and it would not be reasonable for the probation officer to make a sentencing recommendation without considering the guidelines. The probation officer's scoring of the SIR is,

[1] Adminstrative Order No. 1984-1 applies to this case pursuant to the extension provided by Administrative Order No. 1985-2, 420 Mich lxii.

thus, inherent in his duty to make a specific recommended disposition.

The trial court, in addition to considering the guidelines, articulated that it was individualizing the sentence to the offense and the defendant, that it had gathered and considered information on defendant's background, and that it had considered the criteria for sentencing, i.e., defendant's potential for rehabilitation and the protection of society. The issues raised by defendant do not demonstrate an abuse of discretion and, having considered the entire record, we can find no abuse. Thus, defendant is not entitled to resentencing.

Defendant also claims that he is entitled to resentencing because he was not present at the hearing on his motion for resentencing and did not have an opportunity to allocute at that hearing. Although the scoring of the SIR was modified at the hearing, it did not change the guidelines' recommended range and, contrary to defendant's claim on appeal, defendant was not resentenced. Instead, the trial court noted that the range was exactly the same as that required for the sentence imposed, then denied the motion for resentencing.

In order to justify resentencing, there must be a showing that the sentence imposed was invalid. *Wayne Co Prosecutor v Recorder's Court Judge,* 164 Mich App 740, 748; 417 NW2d 594 (1987). Defendant's objection to his not being present at the motion hearing does not demonstrate that the sentence was invalid. Since defendant was not resentenced, no right of allocution arose. Further, a postsentencing hearing on the scoring of the SIR is not a critical stage and, in any event, the record contains no indication of prejudice. See *People v Alcorta,* 147 Mich App 326; 383 NW2d 182 (1985), lv den 425 Mich 876 (1986), and *People v Billington,* 116 Mich App 220, 232; 323 NW2d 343 (1982).

We conclude that the sentence of from forty-two months to twenty years, as originally imposed and tailored to fit the special circumstances of the defendant, was not rendered invalid by the scoring change at the motion hearing. Compare to *People v Porter, supra.* Accordingly, defendant is not entitled to resentencing.

Affirmed.