BAY COUNTY PROSECUTOR v BAY CIRCUIT JUDGE

Docket No. 103473. Submitted July 7, 1988, at Lansing. Decided October 10, 1988. Leave to appeal applied for.

George Schindler was charged in the Bay Circuit Court with four counts of criminal sexual conduct of differing degrees. The cases were assigned to Judge Eugene C. Penzien. Schindler retained attorney Edward M. Czuprynski to represent him. Czuprynski, who had a long-standing and well-publicized feud with Judge Penzien, moved to disqualify the judge on the basis of alleged bias. Judge Penzien denied the motion. The chief judge thereafter also denied the motion. Czuprynski then filed a complaint in the Court of Appeals seeking an order of superintending control disqualifying Judge Penzien from presiding over any of Czuprynski's cases. The Court of Appeals denied Czuprynski's request. *Czuprynski v Bay Circuit Judge,* 166 Mich App 118 (1988). Schindler's first case then proceeded to trial. Czuprynski again moved to disqualify Judge Penzien. The motion was denied. After hearing of Czuprynski's trial strategy, including the decision not to have Schindler testify, Judge Penzien made another attorney available to Schindler to advise him about whether to proceed. Schindler decided to proceed and dismissed Czuprynski. A public defender was assigned to Schindler's case and, thereafter, his motion for a mistrial was granted. The public defender then tried Schindler's case to a jury. Schindler was called to testify and the jury acquitted him of a charge of third-degree criminal sexual conduct. He then requested Judge Penzien to allow Czuprynski to represent him on the remaining charges. Judge Penzien, after cautioning Schindler regarding the weaknesses of Czuprynski's proposed trial strategy for the first trial, granted his request. Following a jury trial at which Schindler testified and certain similar acts evidence was admitted against him as a result of Czuprynski's trial strategy, Schindler was convicted of second-degree criminal sexual conduct. He then retained new counsel for post-conviction proceedings and to represent him in the two remain-

REFERENCES
Am Jur 2d, Appeal and Error §§ 267-269; Courts §§ 107-110.
See the Index to Annotations under Appeal and Error.

ing cases. Schindler moved for a new trial alleging denial of effective assistance of counsel. Since Judge Penzien had been disqualified from hearing further cases involving Czuprynski after Czuprynski filed a complaint against him with the Judicial Tenure Commission, Acting Bay Circuit Judge Carl Horn was assigned the case. Judge Horn concluded that Schindler had been denied effective assistance of counsel and granted the motion for a new trial. The prosecutor then filed a complaint in the Court of Appeals for an order of superintending control requesting that the order granting a new trial be set aside.

The Court of Appeals *held:*

An order for superintending control is appropriate here because there was no evidence to support Judge Horn's ruling. Judge Horn clearly erred as a matter of law. Schindler was not denied the effective assistance of counsel.

Order for superintending control granted. The circuit court's order granting a new trial is vacated and Schindler's conviction is reinstated.

1. NEW TRIAL — CRIMINAL LAW — APPEAL.

A prosecutor may not appeal from a trial court's order granting a new trial; a prosecutor may bring a complaint for superintending control in the Court of Appeals seeking to set aside an order granting a new trial (MCR 7.203[C][1]; MCL 770.12; MSA 28.1109).

2. SUPERINTENDING CONTROL — COURTS — QUESTIONS OF LAW.

An order for superintending control is an exercise of a court's extraordinary power and should not issue automatically when an appeal is unavailable; the reviewing court must determine from the record whether the lower court had jurisdiction, whether it exceeded that jurisdiction, and whether it proceeded according to law; review in such cases is limited only to questions of law.

*George B. Mullison,* Prosecuting Attorney, and *Patrick O. Duggan,* Chief Assistant Prosecuting Attorney, for appellant.

*Wilson & Donoghue* (by *James E. Wilson*), for George Schindler.

Before: BEASLEY, P.J., and SAWYER and T. J. FOLEY,* JJ.

PER CURIAM. The Bay County Prosecutor brought this complaint for an order of superintending control, MCR 7.203(C)(1), requesting this Court to set aside the order of Acting Bay Circuit Judge Carl Horn granting George Schindler's motion for a new trial on the ground that he was not afforded effective assistance of counsel. We grant the order for superintending control and vacate the circuit court's order granting a new trial. Schindler's conviction is reinstated.

George Schindler was charged with four counts of criminal sexual conduct of differing degrees. He was bound over to circuit court and the cases were assigned to the Honorable Eugene C. Penzien. Schindler retained attorney Edward Czuprynski to represent him. Czuprynski has a long-standing and well-publicized feud with Judge Penzien. Czuprynski moved to disqualify Judge Penzien, claiming that the judge was biased and prejudiced against him and all of his clients. Judge Penzien denied the motion. Czuprynski then requested the chief judge to remove Judge Penzien from Schindler's cases and also from other cases in which Czuprynski acted as counsel. The chief judge denied the motion to disqualify Judge Penzien. Czuprynski then filed a complaint in this Court seeking an order of superintending control disqualifying Judge Penzien from presiding over any of Czuprynski's cases. That request was denied. *Czuprynski v Bay Circuit Judge,* 166 Mich App 118; 420 NW2d 141 (1988).

The first Schindler case proceeded to trial and Czuprynski again moved to disqualify Judge Penzien. Czuprynski told the court that he and Schin-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dler were convinced that a fair trial was impossible before the judge, that they would pursue a limited defense, and that they would waive Schindler's right to a jury trial. Schindler said he would not testify because Czuprynski did not trust the judge to fairly manage his cross-examination. Czuprynski explained that Schindler would have testified and proclaimed his innocence in another jury trial. Czuprynski believed that, once the Court of Appeals intervened, Schindler would receive a fair trial.

Judge Penzien made another attorney available to Schindler to advise him about whether to proceed. Schindler concluded that it was in his best interest to dismiss Czuprynski, and a public defender was assigned. Judge Penzien then granted Schindler's motion for mistrial.

The public defender then tried the case to a jury and called Schindler to testify. The jury acquitted him of the charge of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4).

Subsequently, Schindler requested Judge Penzien to allow Czuprynski to represent him on the remaining charges. At the second trial, Judge Penzien cautioned Schindler that, had Czuprynski's strategy been followed in the first trial and Schindler not testified, he would have been convicted in a bench trial. The judge pointed out that the strategy of the public defender was sound. Schindler renewed his request to be represented by Czuprynski. At the second trial, he was represented by Czuprynski and requested a jury. The defense theory was that the charges against Schindler were motivated by greed, resentment and jealousy, and instigated by Schindler's estranged wife who was seeking his property in a pending divorce action. Czuprynski attempted to show that the victim's accusations were false and motivated

by jealousy and resentment. The trial judge and the prosecutor warned Schindler and Czuprynski that this strategy might open the door to similar acts evidence. The trial court had ruled, prior to trial, that evidence of similar acts would be excluded. Judge Penzien ultimately ruled that the victim could testify to her true motivations, which included testimony about other victims who had been sexually abused by Schindler. Schindler also testified at trial. The jury found him guilty of second-degree criminal sexual conduct MCL 750.520c; MSA 28.788(3).

Schindler then retained his present counsel for postconviction proceedings and to represent him in the remaining cases. Defense counsel moved for a new trial on the ground that Schindler had been denied effective assistance of counsel. Defense counsel argued that Czuprynski subordinated Schindler's interests to his own goal of disqualifying Judge Penzien from his cases. Defense counsel also argued that Czuprynski had made a serious mistake by opening the door to evidence of similar acts.

Judge Penzien was disqualified from hearing further cases involving Czuprynski after Czuprynski filed a complaint against him with the Judicial Tenure Commission. Judge Carl Horn was assigned to hear Schindler's posttrial motion for a new trial.

A hearing on Schindler's motion was held and Czuprynski testified. Czuprynski defended his trial strategy and testified that Schindler expressly approved of it and had wanted Czuprynski to continue to represent him. Judge Horn found that Schindler had been represented by the attorney and the strategy of his choice. However, Czuprynski's testimony convinced Judge Horn that the trial strategy which opened the door to similar

acts evidence was not helpful to Schindler's case and that Czuprynski's effort to place the judge-attorney conflict in front of the jury was improper. Judge Horn concluded that Schindler had been denied effective assistance of counsel and granted Schindler's motion for a new trial. The prosecutor then filed this complaint for superintending control.

The right of the prosecution to appeal in criminal cases is limited by statute, and the prosecutor may not appeal a trial court's order granting a new trial. MCL 770.12; MSA 28.1109. *In re People v Burton,* 429 Mich 133, 140-141; 413 NW2d 413 (1987); *People v Cooke,* 419 Mich 420, 427; 355 NW2d 88 (1984). The prosecution does, however, have a remedy in the form of a complaint for superintending control. MCR 7.203(C)(1). *Burton, supra.* An order for superintending control is an exercise of a court's extraordinary power and should not issue automatically when an appeal is unavailable. *Burton, supra,* pp 139-140. The reviewing court must determine from the record whether the lower court had jurisdiction, whether it exceeded that jurisdiction, and whether it proceeded according to law. Review in such cases is limited only to questions of law. *Burton, supra,* p 139; *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 681; 194 NW2d 693 (1972).

We conclude that an order of superintending control is appropriate in this case because there was no evidence to support Judge Horn's ruling that Schindler was denied effective assistance of counsel. The trial court clearly erred as a matter of law.

In *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), our Supreme Court adopted a bifurcated test for ineffective assistance of counsel claims. Under *Garcia,* a Schindler is entitled to a

new trial when his counsel has failed to perform with the ordinary training and skill of a criminal trial lawyer. In addition, *Garcia* awards a new trial where (1) the lawyer makes a serious mistake, and (2) the error is such that, but for the error, the defendant would have had a reasonably likely chance of acquittal. See *People v England,* 164 Mich App 370, 374; 416 NW2d 425 (1987).

The federal standard for effective trial counsel is set forth in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), and derives from the Sixth Amendment. Under *Strickland,* the defendant must first demonstrate errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that his counsel's deficient performance prejudiced the defense, resulting in an unfair trial and an unreliable result. *Strickland,* 466 US 687.

Some panels have applied *Garcia* as a matter of state constitutional law. See *England, supra,* p 373; *People v Juarez,* 158 Mich App 66; 404 NW2d 222 (1987); *People v Vicuna,* 141 Mich App 486, 498; 367 NW2d 887 (1985). A recent panel of this Court has concluded, however, that *Strickland* is the only standard now applicable to ineffective assistance claims in Michigan. *People v Dalessandro,* 165 Mich App 569, 574; 419 NW2d 609 (1988).

Under either standard, Schindler was not denied effective assistance of counsel. Schindler repeatedly requested the trial court to reinstate Czuprynski as his counsel, even though he had been successfully defended by another attorney in the first trial. In an affidavit in support of his request, Schindler stated that he had agreed to the substitution of counsel only because of pressure from Judge Penzien. Schindler renewed his request that Czuprynski represent him after the judge, the

prosecutor and other attorneys had explained the potential problems inherent in Czuprynski's trial strategy. Schindler was fully aware of the conflict between Czuprynski and Judge Penzien and chose to have Czuprynski continue as his counsel, believing that evidence of this conflict would bolster his case. This was a matter of trial strategy and is not grounds for finding ineffective assistance of counsel, especially where Schindler personally endorsed the strategy. See *People v Hedelsky,* 162 Mich App 382; 412 NW2d 746 (1987); *People v McFadden,* 159 Mich App 796; 407 NW2d 78 (1987).

Czuprynski's uncontradicted testimony at the hearing established that Schindler understood and agreed with the trial strategy. Czuprynski explained the differences between the two trials and justified his decision to attack the credibility of the victim. Schindler agreed with this strategy. Czuprynski and Schindler judged that the opportunity to destroy the victim's credibility was worth the risk of admitting damaging similar acts evidence. This is a reasonable trial strategy. See *People v Murphy,* 146 Mich App 724, 726; 381 NW2d 798 (1985). As the trial court itself found in its opinion on Schindler's new trial motion, Schindler was allowed both the counsel and the strategy of his choice.

Schindler did not sustain the burden of showing that his counsel's conduct at trial fell below the professional standard. Nor did he show that his attorney's alleged mistakes prejudiced him and made the trial result unreliable.

The trial court's order granting a new trial is vacated and Schindler's conviction is reinstated.