PEOPLE v DARDEN

Docket No. 196697. Submitted April 14, 1998, at Detroit. Decided July 10, 1998, at 9:05 A.M. Leave to appeal sought.

Charles M. Darden was convicted following a bench trial in the Detroit Recorder's Court, Wendy M. Baxter, J., of voluntary manslaughter and possession of a firearm during the commission of a felony. The defendant appealed.

The Court of Appeals *held*:

1. The information, which charged the defendant with premeditated murder, gave adequate notice to the defendant that he had to defend himself against a charge of voluntary manslaughter. A charge of first-degree murder requires consideration of the lesser included offense of second-degree murder, and voluntary manslaughter is a cognate lesser included offense of murder.

2. There was sufficient evidence of provocation as a mitigating factor such that the defendant was properly convicted of voluntary manslaughter instead of second-degree murder.

3. Review of the defendant's claims of ineffective assistance of counsel is limited to mistakes apparent on the record in the absence of a motion for a hearing pursuant to *People v Ginther*, 390 Mich 436 (1973). Defense counsel, in not moving to quash or dismiss the information and in not moving for a directed verdict, did not render ineffective assistance. Those motions would have been frivolous or meritless in light of the evidence produced against the defendant. Defense counsel's failure to introduce into evidence a prior statement by the defendant was not ineffective assistance, because the statement was inadmissible hearsay.

4. The defendant is not entitled to a new trial on the basis of claimed newly discovered evidence consisting of a police report that allegedly was not made available to the defendant. The record does not support the defendant's claim, the defendant did not move in the trial court for a new trial, and the police report contained the prior statement by the defendant that is inadmissible as hearsay and would therefore not entitle the defendant to a new trial.

Affirmed.

1. HOMICIDE — VOLUNTARY MANSLAUGHTER — INFORMATION CHARGING FIRST-DEGREE MURDER — ADEQUATE NOTICE.

An information that charges a defendant with first-degree murder provides adequate notice to the defendant of the need to defend against a charge of voluntary manslaughter arising out of the same conduct; a charge of first-degree murder requires consideration of the lesser included offense of second-degree murder, and voluntary manslaughter is a cognate lesser included offense of murder (MCL 750.321; MSA 28.553).

2. HOMICIDE — VOLUNTARY MANSLAUGHTER — PROVOCATION.

A conviction of voluntary manslaughter requires proof sufficient to sustain a conviction of second-degree murder, along with evidence of provocation as a mitigating factor (MCL 750.321; MSA 28.553).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Thomas M. Chambers*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Desiree M. Ferguson*), for the defendant on appeal.

Before: SAWYER, P.J., and BANDSTRA and J. B. SULLIVAN* , JJ.

PER CURIAM. Defendant appeals as of right from his bench trial convictions of voluntary manslaughter, MCL 750.321; MSA 28.553,[1] and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to five to fifteen years' imprisonment for his voluntary manslaughter conviction and two years' imprisonment for his felony-firearm conviction. We affirm.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Defendant was charged with first-degree, premeditated murder, MCL 750.316; MSA 28.548, but was convicted of the lesser included offense of voluntary manslaughter.

The victim, Curren McCollum, was shot and killed while trying to steal a transmission from defendant's yard. McCollum and another man, Roy Lee Tubbs, were picking up metal scrap for salvaging purposes. As McCollum and Tubbs were driving their pickup truck through an alley, McCollum noticed a transmission located inside a chain-link fence. There was a hole in the fence that allowed the men access to the transmission. As the men were taking the transmission out of the yard, defendant opened a second-floor window and pointed a handgun at them. While there was contradictory testimony regarding the exact events that followed, it is clear that defendant and the two men argued. Tubbs then jumped into the pickup truck and began to drive away. Tubbs heard a gunshot, and, when he looked back, he saw McCollum lying in the alley. It is undisputed that the victim died as the result of a gunshot fired by defendant.

Defendant first claims that the trial court improperly convicted him of voluntary manslaughter because he received inadequate notice that he would have to defend against that charge. We disagree. Defendant first suggests that the trial court erred in considering the charge of voluntary manslaughter when neither the prosecution nor the defense requested such an instruction. There is absolutely no merit to this contention. A trial court may consider lesser offenses sua sponte. *People v Chamblis*, 395 Mich 408, 417; 236 NW2d 473 (1975), overruled in part by *People v Stephens*, 416 Mich 252; 330 NW2d 675 (1982).[2]

---

[2] We recognize that *Chamblis* addressed this question in the context of a jury trial, rather than a bench trial. However, the reasoning behind the Court's conclusion in *Chamblis* applies equally in either context. See

Defendant also argues that the information charging him with first-degree murder was insufficient to give him notice that he would have to defend against a charge of voluntary manslaughter. Again, defendant's argument is without merit.

We review constitutional issues de novo. *People v Houstina*, 216 Mich App 70, 73; 549 NW2d 11 (1996). "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence." *In re Oliver*, 333 US 257, 273; 68 S Ct 499; 92 L Ed 682 (1948). A defendant's right to adequate notice of the charges against the defendant stems from the Sixth Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment. See *People v Jones*, 395 Mich 379, 388; 236 NW2d 461 (1975).

Here, we begin by noting that the information in this case charged defendant with first-degree, premeditated murder. A charge of first-degree murder requires consideration of the lesser included offense of second-degree murder. *People v Jenkins*, 395 Mich 440, 442; 236 NW2d 503 (1975). Thus, the information served to notify defendant that he would have to defend charges of first- and second-degree murder. We also note that voluntary manslaughter is a cognate lesser included offense of murder. *People v Etheridge*, 196 Mich App 43, 55; 492 NW2d 490 (1992). The Michigan Supreme Court has addressed the constitutional notice requirement in the context of lesser included offenses: In order "[t]o assure defendant's due-

---

*Chamblis, supra* at 417; *People v Quinn*, 136 Mich App 145, 147-148; 356 NW2d 10 (1984).

process rights to fair notice, the trial judge may not instruct on lesser included offenses over defendant's objection unless the language of the charging document 'be such as to give the defendant notice that he could at the same time face the lesser included offense charge.' "[3] *Chamblis, supra* at 418, quoting *United States v Whitaker,* 144 US App DC 344, 350; 447 F2d 314 (1971). Thus, an instruction about a cognate lesser included offense could, at least theoretically, violate a defendant's right to adequate notice. *Chamblis, supra* at 418.[4] Lack of adequate notice violates a defendant's right to due process and mandates reversal. *People v James,* 142 Mich App 225, 229-230; 369 NW2d 216 (1985).

Contrary to defendant's arguments, the constitutional notice requirement is not some abstract legal technicality requiring reversal in the absence of a perfectly drafted information. Instead, it is a practical requirement that gives effect to a defendant's right to know and respond to the charges against him. Here, defendant does not argue that he was misled regarding the nature or severity of the charges against him;

---

[3] In this case, defendant did not have an opportunity to object to consideration of the charge of voluntary manslaughter, because this was a bench trial and the trial court considered the charge sua sponte. However, defendant did object at sentencing, which was essentially his first opportunity. Under these circumstances, we are compelled to give defendant the benefit of the doubt and assume that he would have made a timely objection had he had the opportunity. The trial court could have avoided this problem by simply informing the parties that it was going to consider voluntary manslaughter and asking if either party objected.

[4] The Supreme Court has placed a practical limitation on the number and type of lesser included offenses that a jury may consider. *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982) (overruling *Chamblis, supra,* in part). This limitation is not at issue here and, in any event, it does not apply in bench trials. *Id.* at 260; *People v Cazal,* 412 Mich 680, 689; 316 NW2d 705 (1982).

clearly, the information in this case was sufficient to give him notice regarding the events that formed the basis of those charges.[5] Instead, defendant argues that the lack of notice regarding the charge of voluntary manslaughter somehow prejudiced his defense.[6]

Defendant's argument ignores the fact that there are no additional defenses to voluntary manslaughter beyond those available for second-degree murder. Put differently, a voluntary manslaughter conviction requires proof sufficient to sustain a conviction of second-degree murder, along with evidence of provocation as *a mitigating factor.* See *People v Pouncey,* 437 Mich 382, 388-389; 471 NW2d 346 (1991); *People v Van Wyck,* 402 Mich 266, 269; 262 NW2d 638 (1978); *People v Jones,* 151 Mich App 1, 4; 390 NW2d 189 (1986). The absence of this mitigating factor is not a defense to voluntary manslaughter. Instead, the absence of this factor turns voluntary manslaughter into second-degree murder. Thus, the failure to

---

[5] The information included the date and location of the incident and informed defendant that he was charged with killing Curren McCollum.

[6] Indeed, prejudice is essentially a prerequisite to any claim of inadequate notice. See *People v Traughber,* 432 Mich 208, 215; 439 NW2d 231 (1989) ("[T]he dispositive question is whether the defendant knew what acts he was being tried for so he could adequately put forth a defense. Put another way, was the defendant prejudiced by the information[?]"); *United States v Gonzales,* 121 F3d 928, 941 (CA 5, 1997) ("we will not invalidate an indictment for purely technical errors, but only for errors that mislead the defendant to his prejudice"); *Burris v Farley,* 845 F Supp 636, 657 (ND Ind, 1994), quoting *Bae v Peters,* 950 F2d 469, 478 (CA 7, 1991) (" 'A vague indictment . . . or a last-minute change in the charge could prejudice a defendant's opportunity to defend himself; if that prejudice is severe enough, a due process violation could occur.' "); *State v Mancinone,* 15 Conn App 251, 258; 545 A2d 1131 (1988) (requiring "a clear and specific showing of prejudice to the defense"). See also *In re Ruffalo,* 390 US 544; 88 S Ct 1222; 20 L Ed 2d 117 (1968) (holding that the addition of charges after the defendant had testified deprived him of procedural due process where the added charges stemmed from admissions in his testimony).

include a charge of voluntary manslaughter in an information charging first- or second-degree murder will never prejudice a defendant's defense.[7] Under these circumstances, defendant was not denied adequate notice of the charges against him.

Defendant also argues that there was insufficient evidence to sustain his conviction of voluntary manslaughter. Defendant contends that there was no evidence of adequate provocation. This is a very curious argument. Logically, if there was insufficient evidence of adequate provocation, defendant is guilty of second-degree murder. However, defendant attempts to argue that his conviction of voluntary manslaughter was an acquittal of second-degree murder and that double jeopardy would bar retrial on either second-degree murder or voluntary manslaughter. This argument defies common sense; what doctrine would require a court to set a man free because his conviction was erroneously mitigated to a lesser offense?[8] In any event, we need not address this question, because

---

[7] There is, in other words, a " 'logical connection' " between the two offenses that undermines defendant's notice argument. *Chamblis, supra* at 418, quoting *United States v Brewster*, 165 US App DC 1, 14, n 32; 506 F2d 62 (1974). Additionally, the murder and voluntary manslaughter statutes at issue here are both found within the same chapter of the Michigan Compiled Laws and are not " 'remote textually' " from one another. *Id.*

[8] We note that a prior panel of this Court reversed a conviction of voluntary manslaughter because there was insufficient evidence of provocation. See *People v Moore*, 189 Mich App 315, 320-321; 472 NW2d 1 (1991). Another panel held that, under some circumstances, insufficient evidence of provocation does not warrant reversal of a voluntary manslaughter conviction. See *People v Buck*, 197 Mich App 404, 419-423; 496 NW2d 321 (1992), rev'd in part on other grounds sub nom *People v Holcomb*, 444 Mich 853 (1993). Neither of these panels addressed the question whether a defendant can be retried on a charge of second-degree murder after his voluntary manslaughter conviction is reversed. While the United States Supreme Court has held that double jeopardy bars retrial for murder after a voluntary manslaughter conviction, *Price v Georgia*, 398 US 323; 90 S Ct 1757; 26 L Ed 2d 300 (1970), we are not convinced that the same result

there was sufficient evidence to support a finding of adequate provocation in this case.

Provocation, or the absence of provocation, is not an element of the prosecutor's case. *People v Deason*, 148 Mich App 27, 33; 384 NW2d 72 (1985). Thus, provocation need not be proved beyond a reasonable doubt. *Id.*; *People v Doss*, 406 Mich 90, 98-99; 276 NW2d 9 (1979). Indeed, there need only be "a modicum" or "slight but sufficient" evidence of provocation to create a question for the trier of fact. *People v King*, 98 Mich App 146, 152; 296 NW2d 211 (1980). While we have not found any cases that expressly so state, we conclude that there must be sufficient evidence to allow a rational trier of fact to find adequate provocation by a preponderance of the evidence.

Here, the evidence showed that defendant shot at two men who were stealing a transmission from his yard. There was also evidence of a verbal confrontation between defendant and the two men, and testimony that defendant thought that one of the men had a gun.[9] We conclude that this evidence was sufficient to support a finding of adequate provocation. See *id.* at 152-153.

Next, defendant argues that he was denied the effective assistance of counsel. Because defendant failed to move for a *Ginther*[10] hearing below, our review is limited to mistakes apparent on the record. *People v Nantelle*, 215 Mich App 77, 87; 544 NW2d 667

would be required where the basis for reversal is a defendant's claim that there was insufficient evidence of a mitigating factor.

[9] Defendant argues that the trial court specifically disbelieved his testimony that one of the thieves had a gun. The trial court made no such finding. Instead, the trial court specifically disbelieved that defendant acted in justifiable self-defense.

[10] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

(1996). Defendant argues that his counsel erred in failing to move to quash or dismiss the information and in failing to move for a directed verdict at the close of the prosecution's proofs. These arguments are without merit. There was sufficient evidence at both the preliminary examination and the trial to defeat these motions. Defense counsel is not required to make frivolous or meritless motions. *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991). Defendant also argues that his trial counsel erred in failing to introduce one of defendant's prior statements that was consistent with his trial testimony. However, this statement was inadmissible as hearsay. MRE 802.[11] Thus, defendant could not show that he was prejudiced by his attorney's failure to move for its admission. Defendant's other allegations of ineffective assistance of counsel are not apparent on the record; therefore, we may not review them.

Finally, defendant argues that the prosecutor may have failed to turn over the police report containing his statement and that the statement constitutes newly discovered evidence entitling him to a new trial. Defendant's argument finds no support in the record.[12] In addition, a motion for a new trial on the

---

[11] Defendant argues that his statement would fall within the exception to the hearsay rule outlined in MRE 801(d)(1)(B). However, we conclude that this exception does not apply. A prior consistent statement is admissible to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. MRE 801(d)(1)(B). Here, however, the evidence defendant sought to rebut with his prior consistent statement involved his actions at the time he was arrested. Defendant made his prior consistent statement several hours after these events. Thus, his statement would not serve to rebut the prosecutor's evidence. See *People v Lewis*, 160 Mich App 20, 29-30; 408 NW2d 94 (1987).

[12] There is no evidence in the record below or on appeal indicating whether the police report was provided to defense counsel, nor is there any evidence to indicate when defendant became aware of the report.

basis of newly discovered evidence must first be brought in the trial court in accordance with the Michigan Court Rules. See MCR 2.611, 2.612. Finally, as noted above, the prior consistent statement found in the report would not have been admissible, and this evidence, even if newly discovered, would not entitle defendant to a new trial.