# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES JOSEPH PHILLIPS,

        Defendant-Appellant.

UNPUBLISHED
March 31, 2016

No. 325854
Wayne Circuit Court
LC No. 14-007567-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant was convicted by the trial court, after a bench trial, of felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant had also been charged with assault with intent to murder, MCL 750.83, and assault with intent to commit great bodily harm less than murder, MCL 750.84; the trial court acquitted defendant of those charges. The facts at trial were undisputed, and the sole issue was whether defendant acted in self-defense when he shot the complainant. The trial court accepted that defendant acted in self defense, but concluded that his possession of the gun *outside* the context of the altercation that culminated in the shooting was not amenable to a self-defense argument. Defendant was sentenced as an habitual offender, fourth offense, MCL 769.12, to a term of 30 months to 5 years' imprisonment for the felon in possession conviction and 2 years' imprisonment for the felony-firearm conviction, the sentences to be served consecutively. We affirm.

Defendant does not argue on appeal that the trial court's reasoning was legally or factually flawed. Rather, defendant argues that he was deprived of due process and a fair trial when the trial court considered acts that occurred outside the scope of the information. Specifically, defendant admitted in his testimony that he kept the gun in his vehicle.[1] The trial court reasoned that an individual charged with felon in possession of a firearm may claim self-defense, *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010), but because defendant kept the gun in his vehicle, his possession extended to before and after the attack, so he could not claim self-defense to defend against the felon in possession charge. Defendant claims that the

---

[1] Defendant had stipulated to a prior felony conviction.

information was insufficient to apprise him of the nature of the felon in possession charge, in particular the facts upon which it would be based, so he had inadequate notice and did not prepare a defense.

Defendant's sole claim on appeal is that the trial court, by basing his felon in possession of a firearm conviction on his possession of a firearm in his vehicle, impermissibly "broadened the scope of the charges" beyond the felony information, thereby depriving defendant of adequate notice of the basis for the charge in violation of his right to due process.[2] We disagree. Defendant failed to raise this issue before the trial court, thereby limiting our review to plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

We review constitutional issues de novo. *People v McGee*, 258 Mich App 683, 699; 672 NW2d 191 (2003). "No person may be deprived of life, liberty, or property without due process of law." *Id.*, citing US Const, Am V; Const 1963, art 1, § 17; see also *People v Bearss*, 463 Mich 623, 629; 625 NW2d 10 (2001). Due process requires, inter alia, reasonable notice of the charges. *Id.* A charging document provides adequate notice when it informs the defendant of the charges he will have to defend against. *People v Darden*, 230 Mich App 597, 600; 585 NW2d 27 (1998); see also, MCL 767.45(1)(a) (requiring the information to contain "[t]he nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged"); MCR 6.112(D). The adequacy of notice depends on the particulars of each individual case and will be insufficient only if it actually prejudices a defendant's defense. *McGee*, 258 Mich App at 700. Notice "is not some abstract legal technicality requiring reversal in the absence of a perfectly drafted information. Instead, it is a practical requirement that gives effect to a defendant's right to know and respond to the charges against him." *Darden*, 230 Mich App at 601.

The information stated in relevant part that defendant "did possess, or use a firearm when ineligible to do so because he or she had been convicted of breaking and entering a building with intent . . . and the requirements for regaining eligibility had not been met." This information fairly and adequately provided defendant with notice that he faced a charge of felon in possession of a firearm, the nature of the offense being his possession of a firearm when he was ineligible to do so because of his prior felony conviction. *McGee*, 258 Mich App at 699; *Darden*, 230 Mich App at 600; MCL 767.45(1)(a). Defendant presumably assumed, incorrectly, that the information temporally limited the felon in possession charge to the duration of the altercation, but no such restriction appears on the face of the document. The information does specify a date and a location, but there is no indication in the record that the trial court considered whether defendant possessed a firearm on any date or at any location other than the one so specified. Defendant's argument might make sense concerning his felony-firearm conviction, if that had been his only weapons charge, because felony-firearm is by definition limited to the duration of some other felony. Possession of a firearm by a felon, however, can

---

[2] Defendant's claim on appeal does not concern his felony-firearm conviction.

stand alone.  We do not find that the trial court considered facts pertaining to defendant's felon in possession charge that were outside the scope of the information.

In any event, defendant failed to demonstrate that he was actually prejudiced by the felony information.  *McGee*, 258 Mich App at 702; *Darden*, 230 Mich App at 602-603. Defendant suggests no alternative strategy that he might have employed had the information explicitly stated that his felon in possession charge was based on his possession of the firearm in the vehicle before and after the altercation as well as during the altercation, and no such alternative strategy is readily apparent.  Defendant's ineligibility to possess the firearm was uncontested, and defendant would have somehow had to explain how he came to have a gun in his hand in order to support his *successful* claim of self-defense against the assault charges.  We cannot believe that the trial court would not have inevitably become aware, somehow, that the gun was defendant's gun and that he had been keeping it in his vehicle.  Consequently, we are unpersuaded that any information that further elucidated the lack of temporal restriction regarding defendant's felon in possession charge would have made a difference, so defendant was not prejudiced.

Accordingly, we find that defendant was not deprived of due process or a fair trial. Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-3-