# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CORDELL DANIEL JONES,

Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 327731
Wayne Circuit Court
LC No. 14-009649-FC

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317, assault with intent to murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 33 to 60 years' imprisonment for the second-degree murder conviction, 8 to 15 years' imprisonment for the assault with intent to murder conviction, and two years' imprisonment for the felony-firearm conviction, to be served consecutive to the sentences for the other convictions. Defendant appeals as of right. We affirm.

This case arises from a shooting at a night club in Highland Park. Michelle Whites was injured during the shooting, and Antonio McCroy was killed. On appeal, defendant argues that there was insufficient evidence to convict him of second-degree murder with respect to McCroy and assault with intent to murder Whites because the evidence did not support a finding that he had an intent to kill. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id.* "This Court resolves all conflicts regarding the evidence in favor of the prosecution," *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012), and "[q]uestions of credibility are left to the trier of fact and will not be resolved anew by this Court," *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999).

Here, defendant challenges the intent element in both crimes. We first address defendant's second-degree murder conviction. The elements of second-degree murder are: "(1) a

-1-

death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Goecke*, 457 Mich 442, 464; 579 NW2d 868 (1998). A defendant acts with malice where he acts with "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*.

Generally, "[a]n actor's intent may be inferred from all the facts and circumstances, and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *Russell*, 297 Mich App at 721. A defendant's intent may be inferred "from his words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001). "Intent to kill may be inferred from all the facts in evidence, including the use of a deadly weapon." *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014).

Here, there was sufficient evidence to demonstrate that defendant acted with malice. Because the intent to kill may be inferred from the use of a deadly weapon, defendant's use of the gun is evidence of malice. *Id.*, citing *People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999). Additionally, the evidence showed that defendant pointed a gun at McCroy and shot him a number of times. In total, defendant fired his gun 12 times, striking McCroy in the chest and striking one bystander, Whites. Because of the frequency of shots at a person near to him, at least one of which was at the victim's chest, the evidence supported the jury's determination that defendant acted with malice. In addition, defendant's flight from the scene of the shooting also supports a finding of malice. *Henderson*, 306 Mich App at 11. Defendant fled the scene of the shooting and was arrested by a fugitive team approximately one month later. Thus, the evidence and reasonable inferences drawn from the evidence support beyond a reasonable doubt that defendant acted with malice.

Defendant argues that he should have been convicted of voluntary manslaughter, rather than second-degree murder, because the killing was in the heat of passion rather than with malice. "[T]he element distinguishing murder from manslaughter—malice—is negated by the presence of provocation and heat of passion." *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003). Voluntary manslaughter occurs when "the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *Id*. at 535-536, citing *People v Pouncey*, 437 Mich 382, 389; 471 NW2d 346 (1991). Rather than being an element of voluntary manslaughter, "provocation is the circumstance that negates the presence of malice." *Mendoza*, 468 Mich at 536.

Here, defendant argues that he was acting in the heat of passion. The night of the shooting, defendant and McCroy were engaged in some kind of conflict. Defendant did present evidence that McCroy was preparing to shoot defendant when McCroy lifted his shirt and displayed a gun, causing defendant to shoot. However, the jury, as finder of fact, was not required to believe the testimony presented illustrating provocation, and we will not second-guess credibility determinations made by the jury. *Avant*, 235 Mich App at 506. The evidence supported a finding beyond a reasonable doubt that defendant killed McCroy with malice and without a mitigating factor. Without a mitigating factor, voluntary manslaughter turns into

second-degree murder.  *People v Darden*, 230 Mich App 597, 602-603; 585 NW2d 27 (1998).  Accordingly defendant's claim fails.

Similarly, defendant argues that the evidence was insufficient to support his conviction of assault with intent to murder relative to the shooting of Whites.  In order to convict a defendant of assault with intent to murder, the prosecutor must demonstrate "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder."  *Henderson*, 306 Mich App at 9 (citation omitted).

Defendant argues that the evidence did not demonstrate that he had the intent to kill Whites because the evidence did not show that he had the intent to kill McCroy.  As discussed above, there was evidence that defendant had intent to kill McCroy.  Under the doctrine of transferred intent, if the evidence shows that the defendant intended to kill one person but accidently killed another, the defendant's intent to kill transfers from the intended victim to the actual victim.  *People v Youngblood*, 165 Mich App 381, 388; 418 NW2d 472 (1988).  Accordingly, defendant's intent to kill McCroy transferred to his accidental shooting of Whites, satisfying the intent element of assault with intent to murder.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien