# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRYAN MICHAEL ROZENGARD,

        Defendant-Appellant.

UNPUBLISHED
May 2, 2017

No. 331140
Bay Circuit Court
LC Nos. 15-010053-FH
              15-010054-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a consolidated jury trial of four counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (victim between 13 and 16 years old) in case 15-010053-FH, and two counts CSC-III (victim between 13 and 16 years old) in case 15-010054-FH. Defendant was sentenced to concurrent prison terms of 100 months to 15 years on all six counts. We affirm, however we remand for entry of an order removing defendant from the sex offender registry.

Defendant, then aged nineteen, and the victim, then aged fifteen, engaged in a sexual relationship that the victim contended was consensual; the relationship was discovered when the victim's mother walked in on them in the victim's bed. Evidence collected during the subsequent police investigation, and admitted at trial, included messages defendant and the victim had exchanged on Facebook and by cell phone text messages. Defendant contends that he was prejudiced by a lack of adequate notice of the charges against him, improper admission of Facebook messages from before any of the charged offenses were alleged to have occurred, and trial counsel's failure to request a hearing to determine defendant's eligibility to avoid registering as a sex offender. In a Standard 4 brief,[1] defendant also argues that he was prejudiced by the delay between his arrest and his arraignment.

Initially, we agree with defendant that he was entitled to seek a hearing, pursuant to MCL 28.723a(1), to assert that he was not required to register as a sex offender because of the applicability of MCL 28.722(w)(*iv*). The latter statute requires "that the victim consented to the

---

[1] Supreme Court Administrative Order 2004-6.

-1-

conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual is not more than 4 years older than the victim." All three requirements are undisputedly met here. We note that MCL 28.723a(1) explicitly requires a hearing on the matter only if the prosecuting attorney disputes the allegation that, *inter alia*, MCL 28.722(w)(*iv*) applies. Here, it is clear that the prosecutor does not dispute that allegation, nor would it be reasonable in light of the evidence for the prosecutor to do so. Although, as we previously held in our order denying defendant's motion to remand,[2] defendant has a right to petition the trial court under MCL 28.728c(3) to discontinue his sex offender registration, defendant should not have to do so: the outcome of such a petition is discretionary, and defendant should never have been required to register in the first place. Therefore, we remand to the trial court to enter an order to that effect.[3]

Defendant contends that he received inadequate notice of the pending charges because the specified time period was too broad and the charges were not tied to any particularized act. We disagree.

The Sixth and Fourteenth Amendments provide a defendant the right to adequate notice of the charges brought against him. US Const, Ams VI and XIV; *People v Darden*, 230 Mich App 597, 600; 585 NW2d 27 (1998). The right to notice "is a practical requirement that gives effect to a defendant's right to know and respond to the charges against him" and to prepare a defense, *People v Chapo*, 283 Mich App 360, 364; 770 NW2d 68 (2009). However, automatic reversal is not required if the criminal information is not perfectly drafted. *Darden*, 230 Mich App at 601. Rather, a claim of inadequate notice is subject to review for prejudice. *Id.* at 602 n 6; see also *Chapo* 283 Mich App at 364. Because this issue was not preserved, our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

MCL 767.45(1)(b) provides that an information must contain the "time of the offense as near as may be," but adds that "[n]o variance as to time shall be fatal unless time is of the essence of the offense." The victim was 15 years old throughout the entire time period identified. Thus, defendant would be subject to a CSC-III prosecution for having sex with her during any part of the time period listed. The informations did specify the location of the offenses: four at the victim's residence, and two at defendant's residence. In any event, "Time is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *People v Dobek*, 274 Mich App 58, 83; 732 NW2d 546 (2007). The lack of specificity as to the exact date of each offense was therefore not erroneous. In any event, defendant does not articulate how he would have adjusted his defense had the dates been more specific. The evidence that defendant and the victim communicated regularly and almost exclusively about sex during the time period, and the victim's acknowledgement that she had sex

---

[2] *People v Rozengard*, unpublished order of the Court of Appeals, entered September 23, 2016 (Docket No. 331140).

[3] As a consequence, we decline to consider whether defense counsel was ineffective, the question being moot.

with defendant "a lot," strongly suggests that no prejudice occurred in any event and, in fact, defendant and the victim had sex many more times than just those charged.

Defendant also argues that the jury instructions were insufficient, predicated on the same argument pertaining to the notices. "A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *Dobek*, 274 Mich App at 82. The trial court must instruct the jury on the applicable law, including "all the elements of the offenses charged . . . and any material issues, defenses, and theories that are supported by the evidence." *Id.* Reversal is not required "if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury." *Id.* Because we disagree with defendant's notice argument, and because the jury instructions properly listed every essential element of the charged crimes, we find no error in those instructions. Because there was no error in the notice or jury instructions, any objection raised by trial counsel would have been futile, and trial counsel cannot be faulted for failing to raise a futile objection. *People v Putman*, 309 Mich App 240, 247; 870 NW2d 593 (2015).

Defendant next argues that the trial court erred in allowing the prosecutor to introduce evidence on rebuttal of Facebook messages exchanged between defendant and the victim on April 23, 2014. We review for an abuse of discretion a trial court's ruling on whether to admit evidence, *People v Murphy (On Remand)*, 282 Mich App 571, 578; 766 NW2d 303 (2009), including rebuttal evidence, *People v Figgures*, 451 Mich 390, 398; 547 NW2d 673 (1996). An abuse of discretion occurs when a trial court's decision falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "A preserved trial error in admitting or excluding evidence is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012).

On direct examination by the prosecutor, an investigating officer testified that multiple Facebook conversations had occurred between the victim and defendant between June and August of 2014 indicating a sexual relationship between them. On cross-examination, defense counsel elicited testimony that the search warrant for defendant's electronic messages covered a year-long time period dating back to October of 2013. Defense counsel never provided any suggestion of why that evidence might be relevant. Nevertheless, the trial court stated that it believed defense counsel might have wanted to argue that no other messages suggesting such a relationship existed outside the June and August timeframe.

"Rebuttal evidence is admissible to 'contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same.' " *Figgures*, 451 Mich at 399, quoting *People v De Lano*, 318 Mich 557, 570; 28 NW2d 909 (1947). In exercising its discretion to admit rebuttal evidence, the trial court must "evaluate the overall impression that might have been created by the defense proofs." *Id.* at 398. Evidence is properly classified as rebuttal if it is "responsive to evidence introduced or a theory developed by the defendant." *Id.* at 399.

Although the trial court's reasoning is clearly speculative, we are unable to find it to be unreasonable or outside the range of principled outcomes. We note that there is no indication that the prosecutor had any intention of offering the evidence until defendant raised the time

period of the search warrant on cross-examination, so there was no need for the prosecutor to amend the information, nor was there any requirement that the prosecutor provide notice under MRE 404(b)(2). In any event, we find it highly unlikely that defendant was unaware of his own conversations, and the motion in limine filed before trial seeking to narrow the evidence of Facebook messages to be admitted suggests that he was in fact aware of them. Furthermore, it would have been cumulative of numerous other, similar messages that were properly admitted. Consequently, even if the trial court erred, we would not find it outcome determinative.

In his Standard 4 brief, defendant finally argues that he was prejudiced by the four-month delay between his arrest and his arraignment. Defendant was arrested the day he was discovered in bed with the victim, on October 5, 2014. He was arraigned in district court on February 10, 2015; this was 128 days later according to the time calculation formula under MCR 1.108(1). Defendant unclearly implies in his brief, but testimony in the trial court expressly confirms, that his arrest was not made pursuant to a warrant, but rather because his presence with the victim was a violation of a condition of his bond for another criminal matter that was ongoing at the time. Police retrieved a cell phone belonging to defendant, and some other items of his property, from the victim's residence; defendant did not have a cell phone on his person when he was arrested later in the day. The phone was searched pursuant to a search warrant. It appears that the gravamen of defendant's argument is that the evidence from the phone should be suppressed because he was allegedly not immediately brought before a magistrate regarding the basis for his arrest.

Pursuant to MCL 764.15(1)(g), peace officers may arrest a person without a warrant if, *inter alia*, the officer "has reasonable cause to believe the person . . . has violated 1 or more conditions of a conditional release order." Defendant relies in part on MCL 764.15e, which governs procedures to be followed if the condition of release was imposed under MCL 780.582a or MCL 765.6b, neither of which is applicable here because they would involve specifically enumerated individuals a releasee is forbidden to contact, whereas the bond condition defendant actually violated was a blanket one "regarding contact with underaged females under the age of 18." Defendant otherwise cites MCL 764.13, which generally requires persons arrested without a warrant to be taken before a magistrate "without unnecessary delay." Based on the lower court register of actions in that other case, defendant's bond was formally revoked, "not on the record," at some point prior to October 17, 2014, because he violated his bond conditions.

We do not think that the arraignment in the instant matter has anything to do with defendant's contentions. Apparently, he was not arrested for any of the crimes charged in the instant matter, but rather for a bond violation in an unrelated proceeding. If, and we lack any basis to decide, but *if* defendant was not afforded timely procedures following that arrest, then perhaps he should have been released back on his bond. However, that would have no bearing on the validity of the warrant to search his cell phone, which was confiscated from the victim's residence rather than defendant's person in any event. We are simply unable to comprehend how defendant proposes to link the seizure of evidence from his phone to any delays encountered after his arrest on a bond violation in another matter. At most, defendant appears to contend that suppression is necessary to deter misconduct, which is only a legally valid argument to the extent that the evidence was derived from that misconduct. Here it was not. We are otherwise not impressed with defendant's argument to the extent it implies that he suffered any legal prejudice

-4-

because there was a delay between arresting him for a bond violation in one matter and subsequently arraigning him for another.

We affirm defendant's convictions and sentences, however we remand for entry of an order removing him from the sex offender registry.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola