*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEANETTA KAY DENT,

        Defendant-Appellant.

UNPUBLISHED
February 21, 2019

No. 338683
Wayne Circuit Court
LC No. 16-008983-01-FH

Before: CAVANAGH, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendant, Jeanetta Dent, appeals as of right her conviction of one count of assault with a dangerous weapon (felonious assault), MCL 750.82, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent terms of one year of probation for the felonious assault conviction and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. BACKGROUND

On September 10, 2016, Kiaira Barker went to the school for her youngest son's football practice and waited for her ex-husband, Allen Barker, defendant's boyfriend, to arrive to pick up their three sons for the weekend in the parking lot of Stevenson Middle School in Westland. When Allen and defendant arrived, Allen parked defendant's car two spaces over from Kiaira's car and one row down. Allen and Kiaira exited the vehicle. Allen engaged in a conversation with Kiara's mother behind Kiaira's car. Allen told defendant to return to her car after she and Kiaira exchanged words. When defendant got back to her car, she and Kiaira continued to exchange unpleasantries. Kiaira diverted her attention to try to listen to Allen's conversation with her mother. She next heard defendant call her name, so she looked over to defendant's car and saw defendant standing with the car door open pointing a gun at her with her finger on the trigger. Defendant pointed the gun at Kiaira for approximately 15 seconds, then got back into her car and closed the door. Allen and Kiaira's mother did not witness defendant's actions. They were engaged in an altercation of their own. Later, Kiaira reported the incident to the Westland Police Department and officers were dispatched to investigate.

The following day police took defendant into custody and a detective interviewed her after she waived her *Miranda*[1] rights. During the recorded interview, defendant stated that Kiaira threatened to kill her, her son, and Allen. Defendant also stated that she believed Kiaira had a gun, although she did not see one. She admitted that she pointed her gun at Kiaira.

During the trial, defendant testified that, although she had a gun, it remained holstered the entire time during the incident. She stated that she never pointed the gun at Kiaira. Following the bench trial, the trial court found defendant guilty of the charged offenses.

Defendant argues on appeal that defense counsel provided ineffective assistance by failing to present a sound trial strategy, failing to present witnesses regarding Kiaira's motive to lie, failing to interview and present Allen as a defense witness, failing to communicate with defendant regarding plea offers, and by stopping to work for defendant when she became unable to pay him. We find defendant's arguments unpersuasive.

## II. STANDARD OF REVIEW

To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or a *Ginther*[2] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant moved for a new trial and argued the same bases now raised on appeal. At the hearing defendant requested a new trial or a *Ginther* hearing. The trial court denied defendant's motion and the requested relief. "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012) (citation omitted).

## III. ANALYSIS

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). To succeed on a claim of ineffective assistance of counsel, "a defendant must establish that 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The question whether counsel performed reasonably is "an objective one and requires the reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Vaughn*, 491 Mich at 670, quoting *Strickland*, 466 US at 690.

Defendant argues that counsel failed to advance a sound trial strategy by offering two theories of the case: actual innocence and self-defense. A defendant may present inconsistent

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

defenses. *People v Cross*, 187 Mich App 204, 205-206; 466 NW2d 368 (1991). "This Court does not substitute its judgment for counsel's judgment regarding trial strategy." *People v Kevorkian*, 248 Mich App 373, 414; 639 NW2d 291 (2001). Further, advancement of a particular trial strategy does not constitute ineffective assistance simply because it did not work. *Id*. at 415.

The record reflects that during closing argument, defense counsel argued that defendant did not threaten Kiaira or cause her fear of imminent harm with the gun. Alternatively, defense counsel argued that defendant reasonably believed Kiaira threatened her, her son, and Allen with imminent harm and that defendant responded appropriately under the circumstances by preparing to defend herself. Defendant testified on her own behalf and her testimony advanced these defense theories. The record reflects that defense counsel made the presentation of the alternative defenses in an effort to cast doubt on the prosecution's overwhelming case against her. Accordingly, defense counsel's representation did not fall below an objective standard of reasonableness in this regard.

Defendant also asserts that defense counsel failed to make a complete investigation by failing to interview Allen or present him as a trial witness. "Counsel always retains the 'duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' " *Trakhtenberg*, 493 Mich at 52, quoting *Strickland*, 466 US at 690-691. "The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004). The record reflects that Allen provided an affidavit long after trial in which he stated that counsel never contacted him about the case and that he heard Kiaira threaten defendant and him verbally. During the hearing on defendant's motion for a new trial, the prosecution pointed out that defendant testified at trial that Allen and Kiaira's mother were engaged in conversation 16 to 30 feet away. The trial court reflected upon the trial witnesses' testimonies and found that Allen could not have had any personal knowledge of Kiaira's statement because the evidence established that he was not within proximity to hear her remarks. We do not find that the trial court's finding of fact on this issue were clearly erroneous. Accordingly, defense counsel's representation did not fall below an objective standard of reasonableness in this regard.

Moreover, the record indicates that, if Allen heard Kiaira make a threat, his testimony likely would not have affected the outcome of the case. The trial court determined that any threat made by Kiaira failed to establish defendant's self-defense claim because Kiaira and defendant minimally interacted from a distance and the evidence established that Kiaira did not have a gun in her possession and she never brandished a weapon at defendant. The threatening remarks defendant testified that Kiaira made were of future action and posed no imminent threat of harm. Further, defendant admitted in her interview with the detective that she never saw Kiaira with a gun but pointed the gun she held at Kiaira. Defense counsel's failure to interview and call Allen as a witness does not support defendant's ineffective assistance claim. There exists no reasonable probability that, but for defense counsel's decision, the result of defendant's trial would have been different.

Defendant next argues that defense counsel provided ineffective assistance by not presenting any witnesses to prove her innocence by showing that Kiaira had a motive to lie to the

police. "Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). In *Putnam*, this Court clarified that:

> A substantial defense is one that could have affected the outcome of the trial. Likewise, decisions regarding what evidence to present, what evidence to highlight during closing argument, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy. This Court will not second-guess counsel on matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. [*Id*. (quotation marks and citations omitted).]

Defendant does not state who defense counsel should have called to testify regarding Kiaira's motive to lie nor has she explained the content of that testimony. The record indicates that evidence was presented at trial to advance the defense that Kiaira lied about seeing defendant point a gun at her. Further, the record reflects that defense counsel cross-examined Kiaira at length regarding animosity between her and defendant and issues that arose between them regarding Allen and the children. The trial court considered all of the evidence including Kiaira's testimony regarding the incident, the background facts, and defendant's testimony that she never pointed or showed the gun to defendant. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Based on the record, we cannot conclude that defense counsel provided ineffective assistance by not calling additional witnesses to testify that Kiaira had a motive to lie to the police. The record indicates that defense counsel's decision did not fall below an objective standard of reasonableness and did not deprive defendant of a defense. We do not find that a reasonable probability exists that, but for defense counsel's decision, the result of defendant's trial would have been different.

Defendant argues that counsel failed to communicate with her regarding plea offers. "As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014).

In this case, the record reflects that defense counsel properly advised defendant of the prosecution's plea offers. At the final pretrial conference, the prosecution stated on the record in defendant's presence that if defendant pleaded guilty to the felonious assault charge, the prosecution would dismiss the felony-firearm charge and agree to a sentence of probation with the first six months served in jail, 120 hours of community service, and completion of anger management. The prosecution advised the trial court that defendant intended to reject the offer. Defense counsel advised the trial court that he informed defendant of the offer and that defendant rejected the offer. Defense counsel asked defendant if he correctly informed the trial court. Defendant affirmed in open court that her counsel correctly advised the trial court. At trial, the prosecution stated that the above plea offer remained available, with the change that the first 90 days of probation would be served in jail. Defendant again rejected the offer. Defendant also admitted in her affidavit submitted as an exhibit to her motion for new trial that defense counsel discussed with her four plea offers. The record makes abundantly clear that defendant knew of the plea offers, discussed them with defense counsel, and decided to reject them and have her case tried.

Defendant argues further that defense counsel told her not to accept the plea offers because the evidence supported her innocence. In *Douglas*, our Supreme Court explained:

> Where, as here, the alleged prejudice resulting from counsel's ineffectiveness is that the defendant rejected a plea offer and stood trial,
>
>> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Id.* at 592, quoting *Lafler v Cooper*, 566 US 156, 164; 312 S Ct 1376; 182 L Ed 2d 398 (2012).]

Nothing in the record other than defendant's affidavit filed with her motion for a new trial supports defendant's contention that defense counsel told her not to accept the plea offers presented by the prosecution in open court. Even if he had, the United States Supreme Court has indicated its approval of the principle that "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler*, 566 US at 174. The record reflects that during the hearing on defendant's motion for new trial the trial court considered the evidence in the record regarding her claim that her counsel provided ineffective assistance respecting plea offers. The trial court found no evidence that supported her claim. We find no mistake on the record. Therefore, we find no merit to defendant's claim that defense counsel provided ineffective assistance in this regard.

Defendant further argues that defense counsel failed to communicate with her regarding trial strategy, witness selection, and where to report after her convictions. Defendant bore "the burden of establishing the factual predicate for [her] claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In *Hoag*, our Supreme Court quoted *Ginther*, 390 Mich at 442-443:

> A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately. [*Id.*]

Defendant's affidavit submitted to the trial court in support of her motion for new trial contradicts her claims of ineffective assistance because she admitted that she met with counsel "several times to discuss my case and his defense strategies . . . ." Defendant fails to provide any factual predicate that supports her contention that defense counsel failed to communicate with her about witness selection and trial strategy.

Defendant's claim that defense counsel failed to tell her where she needed to report after her convictions did not prejudice defendant in any perceptible manner. The record does not indicate that defendant suffered any increased punishment for her failure to report to probation immediately following her convictions.

Defendant's final argument is that defense counsel provided ineffective assistance by not working for her because she became unable to pay him. The record reflects that defense counsel represented defendant during pretrial proceedings, the trial, and during sentencing. Defendant claims that she had to file a handwritten motion for reconsideration which indicated that defense counsel stopped representing her without first seeking to withdraw as her counsel. The record, however, indicates that defendant filed without the assistance of counsel her motion before the sentencing hearing in which she requested that the trial court reconsider her convictions and allow her to accept the prosecution's plea offer. At the sentencing hearing the trial court first addressed defendant's motion. The trial court explained to defendant that after the trial concluded and she was convicted, the plea offer no longer had validity. The trial court stated that it lacked the ability to consider defendant's request and therefore, denied the motion. It is well settled that ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion. *People v Darden*, 230 Mich App 597, 605; 585 NW2d 27 (1998). Accordingly, because defendant predicates her claim of ineffective assistance on the ground that defense counsel failed to file her meritless motion, defense counsel did not provide ineffective assistance in this regard.

We hold that the trial court did not err by ruling that defendant failed to establish that defense counsel provided ineffective assistance. The record reflects that defense counsel's performance did not fall below an objective standard of reasonableness and we find no reasonable probability that, but for defense counsel's performance, the result of the trial court proceedings would have been different. *Vaughn*, 491 Mich at 669.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford